PEOPLE *ex rel.* GREEN *v.* BOARD OF EDUCATION OF CITY OF COHOES *et al.*

(*Supreme Court, General Term, Third Department.* September 25, 1890.)

APPEAL—DISMISSAL—COMPLIANCE WITH ORDER APPEALED FROM.

    On the application of an elector of a city, *mandamus* was granted to the board of education thereof, requiring them to meet at a certain time, and appoint a president. The board appealed, but, a stay of proceedings being denied, they were obliged to obey the writ, and under protest elected a president. *Held,* that the appeal must be dismissed, as a decision thereon could have no practical effect.

Appeal from special term, Albany county.

Application by Henry J. Green for a writ of *mandamus* to the board of education of the city of Cohoes, commanding them to convene at their next regular meeting, appointed by the rules of the board to be held at a specified place and time, and proceed to organize as such board, and appoint a president of the board. From an order granting the writ, the board and certain of its members appealed.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*George H. Fitts* and *Henry A. King,* for appellants. *P. D. Niver* and *J. F. Crawford,* for respondents.

LEARNED, P. J. A *mandamus* was granted by Judge FURSMAN, requiring the board of education to meet at a certain time, and organize, and appoint a president. The board appealed. On the coming on of the argument, the relator objected to the hearing of the appeal, and moved to dismiss on the ground that the board had obeyed the writ. The fact that it had done so was admitted in court by the board. It was further stated by the counsel of the board, and this was not denied, that an application was made to Judge FURSMAN for a stay of proceedings, and that he denied it; and that an application was then made to another judge of the court for a stay, and that it was denied, because Judge FURSMAN had already refused such a stay. It was further stated that, as no stay could be obtained, the board was obliged to obey the writ, and did so under protest. The counsel further informed the court that the question which would be presented, if the appeal was heard, was whether, under the charter of Cohoes, the president of this board was to be chosen by the board or by a body composed of the common council and that board; that the question was important, and a decision was greatly desired.

This statement makes us desirous, if it be proper, to dispose of the question which counsel desire to present. But we are met with the difficulty that no decision which we can make can have any practical effect in this proceeding. The board has elected a president. If we should hold that the *mandamus* ought not to have been granted, we could not undo this action. Even if our opinion should state that the president could be appointed only at the joint meeting of the common council and the board, we could not make an order ousting the president who has been appointed. The statement would be an expression of our opinion as to the result of a proceeding of *quo warranto,* and as an expression of such opinion it might be followed if a *quo warranto* against that president were brought. But it is not well for courts to write opinions which can have no practical effect in the case before them. Our

business is to decide controversies, not to write essays. The defendant's counsel urges that to dismiss the appeal nullifies the right of appeal. But it should be observed that there may be a *mandamus* which has been obeyed, where the general term, by its reversal, can redress the wrong. But in the present case, if we should think that the *mandamus* was improperly granted, we do not see that a reversal of the order granting it would annul the fact that the board of education did on a certain day appoint a president. Whether that act was valid or not must be determined in a proceeding to which such president is a party. The relator is only an elector of the city of Cohoes, and the decision between him and the board of education could not be binding on the president who has been appointed. The appeal is dismissed, without costs. All concur.