CHARLES H. YORK v. A. C. BARNES *et al.*

### No. 10190.

1. TAX DEED — *containing untrue recital of material fact, void if attacked before running of Statute of Limitations.* The taxes on a city lot being delinquent, it was offered for sale by the treasurer, and the north four-tenths thereof sold for the whole amount of taxes levied on the lot. A tax deed issued on this sale recited that the north four-tenths was subject to taxation, and that it was sold for the amount of taxes levied on it; but the amount of taxes recited in the deed was the amount levied against the whole lot. *Held*, that when attacked before the Statute of Limitations has run, the deed is voidable and conveys no title.

2. ERROR WAIVED — *in judgment declaring taxes a lien, by paying amount into court.* A judgment declaring the tax deed invalid, but requiring the defendant to pay a sum adjudged to be a lien on the land for taxes paid by the purchaser, having been rendered, and the defendant having paid the amount into court for the use of the plaintiff, he cannot thereafter prosecute a petition in error to reverse the judgment requiring the payment of such taxes.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed July 10, 1897. *Affirmed.*

*David Ritchie,* for plaintiff in error.

*Burch & Burch* and *Garver & Larimer,* for defendant in error.

ALLEN, J. This action was brought by Charles H. York against A. C. Barnes and G. W. E. Griffith to quiet his title to the north four-tenths of lot number 139 on Santa Fe Avenue, Salina. The defendants filed an answer denying the plaintiff's title and asking that his claim be declared invalid. The plaintiff claimed title under a tax deed to H. G. Pershing and a quit-claim deed from Pershing to him. The defendant Barnes claimed title to the whole lot under a sheriff's deed, based on a mortgage for fifteen thousand dollars executed by Kaw Tribe, No. 11, of the Improved Order of Red Men to the Western Farm Mortgage Trust Company and by it assigned to him, and a foreclosure of the mortgage and sale of the lot to him. The trial court held the tax deed invalid, but found that the plaintiff had a valid lien for $168 for taxes paid and interest. The plaintiff brings the case here, alleging error in the judgment; the defendants file a cross-petition in error, alleging error against them in requiring the payment of the taxes.

The tax deed under which the plaintiff claims recites that the north four-tenths of lot 139 was subject to taxation for the year 1888, and that the north four-tenths was sold for the taxes thereon. In fact, the sale was made for the taxes levied on the whole of lot 139, and the amount of taxes stated in the deed is the amount due on the whole lot. As the action was commenced within a short time after the tax deed was issued, this untruthful recital of a material fact is sufficient to avoid the deed, and the court rightly held it invalid, and that the plaintiff had no title.

It is unnecessary to enter into a consideration of the questions attempted to be raised by the defendants' cross-petition in error, for, in the journal entry of the judgment, immediately after the order requiring the payment of $168 to the plaintiff, we find this recital:

"Whereupon, the defendant, A. C. Barnes, again tenders to the plaintiff in open court the sum of $173.10, lawful money, in accordance with the findings of fact and conclusions of law herein, which tender was by the plaintiff refused. Said sum was thereupon paid into court by the defendant, A. C. Barnes, for the use of the plaintiff, under the judgment rendered herein."

The defendant, having voluntarily complied with the judgment so far as it is adverse to him, and having paid the money into court for the use of the plaintiff, is in no position to insist on errors in its rendition.

The judgment is affirmed.