THOMAS B. LONERGAN, Appellant, *vs.* HARRY GOODMAN *et al.* Appellees.

*Opinion filed June 16, 1909—Rehearing denied October 14, 1909.*

EQUITY—*what is not proper use of a court of equity.* A party cannot maintain a bill to enforce an alleged option to purchase premises from the holder of the legal title where there is no averment that he has offered to make the payment entitling him to enforce the option, and the only apparent purpose of the bill is to use the court, for business reasons, to decide what kind of a title the complainant will take if he complies with the terms of the option, there being no real controversy between the parties and no issue of fact raised by the pleadings.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

MASON & WYMAN, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, and ARTHUR B. SCHAFFNER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Thomas B. Lonergan, filed his bill in the circuit court of Cook county, making the appellees, Harry Goodman and Blanche L. Goodman, his wife, de-

fendants, and praying the court to appoint a trustee and invest such trustee with title to lot 7 in lot 1, in block 18, of the original town of Chicago; that an option given by the defendant Harry Goodman to the complainant for the purchase of said lot should be enforced and the premises should be sold and the proceeds invested by the trustee and the rights of all parties in the proceeds preserved. The defendants filed a plea which was set down for argument and sustained, and the complainant electing not to reply to the plea but admitting the truth of the allegations therein contained, the bill was dismissed for want of equity at his costs, and he appealed.

The following facts were set forth in the bill: Thomas Lonergan died on March 24, 1894, leaving a last will and testament, and leaving Mary A. Lonergan, his widow, and complainant, Thomas B. Lonergan, Charles J. Lonergan, Eugenie E. Spearman, Mary C. Lilly, Blanche L. Davis and Maude M. McLaughlin, his sons and daughters and only heirs-at-law. By his will he devised a life estate in all his real estate to his widow, and devised to the complainant a life estate, after her death, in said lot 7, with remainder in fee simple absolute, after the death of complainant, to the heirs of his body, but in the event of the death of complainant without lawful issue of his body the remainder was devised, share and share alike, to the said Eugenie E. Spearman, Mary C. Lilly and Blanche L. Davis, and to their heirs and assigns forever. The lot has a frontage of twenty feet on Clark street and a depth of eighty feet, and at the death of the testator it was improved by a three-story brick building, and the premises were rented at that time for $400 per month. The widow died on November 12, 1895. On May 7, 1896, Eugenie E. Spearman, Mary C. Lilly and Blanche L. Davis joined in a special warranty deed purporting to convey said lot to the complainant. On October 3, 1899, the complainant executed a trust deed conveying said lot as security for the payment

of a note for $12,000, and a bill has been filed to foreclose the same. About the year 1900 a judgment was entered against the complainant and his interest was sold for a small sum, and a sheriff's deed was afterward made to the defendant Harry Goodman, who still holds the title. About November 13, 1901, the complainant became indebted in the further sum of $14,000, and Harry Goodman has agreed to convey the premises to the complainant on payment of amounts aggregating about $15,000, within two years from July 30, 1908. The complainant is thirty-five years old, has never been married and is not contemplating marriage. The assessed value of the lot at the death of the testator was $25,000 and is now $60,000. For more than eight years the rental value has been decreasing yearly and it has become more and more difficult to rent the premises, and for more than five years neither the second nor third story of the building has been rented. The first story is rented for a dram-shop at $150 per month. The building is more than thirty years old, dilapidated and poorly constructed, and for more than eight years the income has barely paid the taxes, assessments, insurance and expenses of managing and keeping in repair. The bill sets forth that it was the intention of the testator that the property should yield income to the life tenant, but that it does not yield any income, and the premises will be sold for taxes, the title lost and the object of the will defeated unless a trustee shall be appointed and the premises sold.

The plea which the court sustained is, in substance, exactly the same as the bill and raises no issue of fact whatever. It avers the death of Thomas Lonergan, the heirship, the terms of the will, the death of the widow, and the other facts, the same as they are set forth in the bill. There are some additional averments not material to the decision of any question involved in the case. The plea sets forth the will of Thomas Lonergan *in hæc verba,* and avers that on April 5, 1894, Mary C. Lilly and husband, Blanche L.

Davis and husband, Eugenie E. Spearman and husband, and Mary A. Lonergan executed a quit-claim deed to the complainant of the lot; that on May 7, 1896, after the death of the widow, Eugenie E. Spearman and husband, Mary C. Lilly and husband and Blanche L. Davis and husband executed their special warranty deed to the complainant, as alleged in the bill; that on or about the same day Maude M. McLaughlin and husband and Charles J. Lonergan and wife executed their special warranty deed to the complainant of the said lot; that at the April term, 1900, of the circuit court of Cook county a judgment for $390 and costs was recovered against complainant and an execution was issued and the lot was sold for $380; that the defendant Harry Goodman acquired the certificate of purchase and obtained a sheriff's deed; that the said Harry Goodman, on July 30, 1908, agreed to convey said premises to the complainant at any time within two years, on the payment by the complainant of the sum of $14,898.67, with interest thereon at the rate of five per cent from November 13, 1901, and that the complainant has never offered to pay said sum or any part thereof.

Counsel on both sides have argued questions as to the nature of the remainders after the life estate of the complainant and whether the contingent remainder to heirs of the body of the complainant who may come into being hereafter has been merged in the fee, under the doctrine of the case of *Bond* v. *Moore,* 236 Ill. 576, so that Harry Goodman is now invested with the full and complete title. They say that the circuit court entertained the view that the contingent remainder to unborn children has been merged in the fee, and they seek for a decision of that question. It is assumed that the bill states a case coming within the rule adopted in *Gavin* v. *Curtin,* 171 Ill. 640, and the case has the form of a litigation on that subject, but it lacks the necessary condition that the complainant should be entitled to maintain the bill. He is not the owner of the life es-

tate in the lot devised to him or any other title or interest therein, but has only an option to purchase the premises from the defendant Harry Goodman within a certain time upon payment of a certain price. In his prayer he asked that his option be enforced, but he did not allege that he had performed or offered to perform on his part or that Harry Goodman had refused to comply on his part, and the plea sets up the option and alleges that the complainant has never paid or offered to pay anything under it. Whether the complainant will ever acquire any title to the lot depends upon his payment of the purchase price within the time agreed upon, and the only possible effect of a decision of the question discussed by counsel would be to have this court certify what title Harry Goodman now has and what title the complainant will acquire if he chooses to avail himself of the option. The bill states all the facts upon which the question of title depends and the plea merely reiterates the same facts with immaterial additions, so that there appears to be no real controversy between the parties, and a court cannot properly be used, for mere business reasons, to decide whether the complainant will get an absolute estate in fee on complying with the terms of the option, or a limited estate. If the statement of counsel as to the views entertained by the circuit court is correct it is not material and the court did not commit any error in dismissing the bill. The complainant has no right to ask the court to appoint a trustee so that he may derive income from the property or the proceeds, when he has no right or title in the property and no right to income.

The decree is affirmed.

*Decree affirmed.*