## WINGERT *v.* FIRST NATIONAL BANK OF HAGERSTOWN.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 176. Argued February 29, 1912.—Decided March 11, 1912.

After filing of a bill for injunction, defendants proceed at their peril, and even if no preliminary injunction is issued, if they inflict actionable wrong upon the plaintiff, the bill can be retained for assessment of damages; but if the only ground left for further prosecution is costs, the appeal will be dismissed.

Where pending trial below and hearing of appeal the object unsuccessfully sought to be enjoined has been accomplished—in this case the erection of a building by a bank—the only ground left for further prosecution is costs, and the appeal will be dismissed.

An action by a stockholder for injunction against a national bank and
  its directors to restrain them from materially altering the bank
  building will not be transmuted into an action for damages against
  the directors for so doing; such an action will not lie.
Appeal from 175 Fed. Rep. 739; 99 C. C. A. 315, dismissed.

THE facts, which involve the power of directors of a
national bank to alter its building against the protest of a
minority of its shareholders, are stated in the opinion.

*Mr. Henry F. Wingert,* with whom *Mr. Miller Wingert*
was on the brief, for appellant.

*Mr. Charles A. Little* and *Mr. George R. Gaither* for
appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to restrain the defendants, a national bank,
its directors and a contractor employed by them, from
pulling down the bank building and erecting a six story
building in its place—the first floor to be used for banking
purposes, the other floors to be let for offices. The plain-
tiff is a holder of stock in the bank and alleges that the
intended construction is *ultra vires,* and commercially
unwise. The Circuit Court dismissed the bill on the
ground that in the absence of bad faith it would not revise
the judgment of the majority of the directors on the ques-
tion of policy and that a national bank lawfully might
turn its building to the best account by adding upper
stories for offices to let. The Circuit Court of Appeals
affirmed the decree on the opinion below. 175 Fed. Rep.
739. 99 C. C. A. 315. Pending the litigation the new
structure has been built.

Objections are interposed on both sides—on the part of
the defendant, to the right of a stockholder to prevent by
injunction acts beyond the power of the corporation, on

that of the plaintiff, to the reception of the bank's answer, because it was adopted at a meeting of which the plaintiff's brother, a protesting director, was not notified. Without giving the slightest countenance to either it is enough to say that the whole case is disposed of by the erection of the new bank. No doubt after the filing of a bill for an injunction defendants proceed at their peril even though no injunction is issued, and, if they go on to inflict an actionable wrong upon the plaintiff, will not be allowed to defeat the jurisdiction of the court by their own act. In such a case the bill will be retained for the assessment of damages. *Milkman* v. *Ordway,* 106 Massachusetts, 232, 253. *Lewis* v. *North Kingstown,* 16 R. I. 15. But in the present matter the only ground for further prosecution of the case is costs. There are no damages for which the plaintiff could make any claim against the corporation for doing as it saw fit with its own, lawfully or unlawfully. Furthermore a recovery would be futile. It would cost the plaintiff as much as it brought in. To transmute the cause of action into a demand for damages against the directors alone would be an essential change, and probably would do the plaintiff no good, as it has been held in well considered cases that that action also would not lie. *Smith* v. *Hurd,* 12 Met. 371. *Allen* y. *Curtis,* 26 Connecticut, 456. As the appeal really is prosecuted only for costs it must be dismissed. *Union Paper-Bag Machine Co.* v. *Nixon,* 105 U. S. 766. See *Richardson* v. *McChesney,* 218 U. S. 487. But we are far from intimating that the plaintiff loses anything by this disposition of the case. *Brown* v. *Schleier,* 118 Fed. Rep. 981.

*Appeal dismissed.*