## WINGERT v. KIEFFER et al.

Circuit Court of Appeals, Fourth Circuit. November 8, 1928.

No. 2754.

See, also (C. C. A.) 27 F.(2d) 520.

Henry F. Wingert and Miller Wingert, both of Hagerstown, Md., for appellant.

Alexander Armstrong, of Baltimore, Md. (Robert H. McCauley and Edward Oswald, Jr., both of Hagerstown, Md., and Armstrong, Machen & Allen, of Baltimore, Md., on the brief), for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. This is an appeal from an order dissolving a restraining order and dismissing a charge of contempt brought against appellees for disobeying it. Appellees, who are the cashiers of three of the banks of Hagerstown, Md., are receivers in an involuntary bankruptcy proceeding brought by the banks of which they are officers against William Wingert, the appellant, and still pending against him in the court below. The petition in involuntary bankruptcy was filed October 18, 1927, and appellees were appointed receivers October 20th to take charge of Wingert's assets. Among his assets were 239.24 shares of stock in the New York Central Iron Works, which had been pledged by him to the First National Bank of Hagerstown. Shortly prior to November 29, 1927, Wingert noticed an advertisement by an auctioneer that this number of shares of New York Central Iron Works stock would be sold by him at public auction on November 29th. Thinking that this was his stock being sold by the receivers, he applied for, and obtained from the judge below, an order restraining the receivers from making sale of his stock. Notwithstanding this order, the sale of the stock was made by the pledgee, First National Bank, one of the petitioners in the bankruptcy proceeding, but whether its cashier, who was one of the receivers, made the sale does not appear. This stock seems to have been purchased by a director of one of the other petitioning banks. After the sale, Wingert petitioned that the receivers be adjudged in contempt of court for making the sale; and it was upon the hearing of this petition that the order was entered dissolving the restraining order and dismissing the charge of contempt.

Many questions are suggested by the record before us which cannot be reached on this appeal. It is ordinarily true that the pledgee of stock, unless restrained by the bankruptcy court, may proceed to sell under the power of sale contained in the pledge without asking the consent of the court. But it by no means follows that the court should allow the pledgee to make such sale, where it appears that the pledgee is one of the petitioners in the bankruptcy proceeding, and, as such, has invoked the power of the court to handle the estate of the alleged bankrupt, and, by the filing of the petition and securing the appointment of receivers, has made it impossible for him to protect his interest on the sale. The power of the court to enjoin the sale by the pledgee cannot be doubted. Allebach v. Thomas (C. C. A. 4th) 16 F.(2d) 853. And we think that ordinarily the court should not hesitate to exercise the power where it appears that, while a petition in bankruptcy is pending, and before there has been an adjudication, a petitioning creditor attempts to sell property pledged or mortgaged to him by the alleged bankrupt. It is also true that a bank is not constituted the receiver of an alleged bankrupt's estate because its cashier is appointed to such position. But it does not follow, that, where the cashier as receiver is forbidden by the court to sell property of the bankrupt, he can proceed with the sale and be excused on the ground that he was acting not as an officer of the court but as cashier of the bank, nor that the bank, where it is a party to the cause, could make such sale in the face of the court's order, even through another officer.

We say this much in order that we may not be thought to have affirmed what was done by the judge below or to have adopted his reasoning. We do not think, however, that the appeal from the order dismissing the charge of contempt and dissolving the restraining order brings up anything which we can review. The charge of contempt was brought, not to force compliance with an order of court, but to punish the receivers for an act of disobedience. It was therefore a

proceeding in criminal contempt, and we have no power to review the order of the court exonerating the respondents. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; United States v. Bittner (C. C. A. 4th) 11 F.(2d) 93. So far as the dissolution of the temporary restraining order is concerned, the threatened sale had already taken place, and nothing which we can do by reversal or otherwise would give efficacy to the original order or prevent that which has already occurred. It is elementary that in such circumstances the appellate court will not entertain the appeal. Wingert v. First Nat. Bank, 223 U. S. 670, 32 S. Ct. 391, 56 L. Ed. 605; Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293; 4 C. J. 575.

There is nothing for us to do, therefore, but dismiss the appeal, but the dismissal and the order of the court below will not prejudice appellant or his creditors in the assertion of any rights which he or they may have growing out of the sale of the stock in the face of the order of the court. Whether he has such rights or not is a question which is not passed on here and was not passed on in the order dissolving the restraining order.

Appeal dismissed.