SELECTED PRODUCTS CORPORATION v. HUMPHREYS et al.

No. 5629.

Circuit Court of Appeals, Seventh Circuit.

Dec. 17, 1936.

Harry C. Alberts, of Chicago, Ill., for appellant.

F. Allan Minne, of Chicago, Ill., for appellees.

Before EVANS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

LINDLEY, District Judge.

Appellant appeals from a decree dismissing its bill of complaint and granting the relief prayed in the counterclaim of appellees Humphreys and the Humphreys X-Ray Corporation.

Appellant, claiming to be the owner of patent No. 1,727,833, sued for infringement thereof and charged unfair competition on the part of appellees because of an alleged conversion and use by appellees of jigs, patterns, drawings, and copies of drawings, claimed to be owned by appellant. The answer admitted validity, but denied infringement, conversion of appellant's property and unfair competition. Appellees filed a counterclaim, alleging the patent to be their own, rather than appellant's, charging that appellant held title only as security for a debt and praying that appellant be directed to convey to them the patent and certain other documents upon payment of the debt.

The District Court found that appellant was not the owner of the patent, but held the title thereto as security as alleged in the counterclaim and decreed that appellant assign the patent to appellees upon payment of the balance of the debt. Appeal was prayed, but subsequent to its allowance, appellant received the money directed by the District Court to be paid to it, satisfied the decree and assigned the patents in compliance with the court's directions. Immediately confronting us, therefore, is the question whether, in view of its satisfaction of the decree and compliance therewith, appellant is in position to urge error, whether the questions raised by the appeal are now moot.

Courts are limited in their judicial action to real controversies, wherein the legal rights of parties are necessarily involved and can be determined and something further is sought than the mere declaration of a right, and they will not entertain an action or proceeding merely for the purpose of passing upon a moot question or abstract proposition. Thomas v. Musical Mut. Protective Union, 121 N.Y. 45, 24 N.E. 24, 8 L.R.A. 175; In re Reynolds, 144 App.Div. 458, 129 N.Y.S. 629; Lonergan v. Goodman, 241 Ill. 200, 89 N.E. 349; State ex rel. Wright v. Savage, 64 Neb. 684, 90 N.W. 898, 91 N.W. 557; Wahl v. Brewer, 80 Md. 237, 30 A. 654.

It follows that if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, or renders a decision unnecessary, the appeal will be dismissed. Lewis Pub. Co. v. Wyman, 228 U.S..610, 33 S.Ct. 599, 57 L.Ed. 989; Gulf, etc., R. Co. v. Dennis, 224 U.S. 503, 34 S.Ct. 542, 56 L.Ed. 860; Wingert v. Hagerstown First Nat. Bank, 223 U.S. 670, 32 S.Ct. 391, 56 L.Ed. 605; U. S. v. Evans, 213 U.S. 297, 29 S.Ct. 507, 53 L.Ed. 803; Security Mut. L. Ins. Co. v. Prewitt, 200 U.S. 446, 26 S.Ct. 314, 50 L.Ed. 545; Selden v. Montague, 194 U.S. 153, 24 S.Ct. 613, 48 L.Ed. 915; Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Dunn v. State, 163 Ind. 317, 71 N.E. 890. Such a condition may arise by the act of the appellant or plaintiff in error himself. Lewis Pub. Co. v. Wyman, 228 U.S. 610, 33 S.Ct. 599, 57 L.Ed. 989; Singer Mfg. Co. v. Wright, 141 U.S. 696, 12 S.Ct. 103, 35 L.Ed. 906; Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016.

This rule has been applied, where pending the appeal or after suing out of a writ of error, appellant obeyed the commands of the decree; State v. Napton, 10 Mont. 369, 25 P. 1045; People ex rel. Green v. Cohoes Bd. of Education, 57 Hun, 594, 11 N.Y.S. 296; Eilers Piano House v. Pick, 58 Or. 54, 113 P. 54; where taxes, the collection of which was sought to be enjoined, were paid; Singer Mfg. Co. v. Wright, 141 U.S. 696, 12 S.Ct. 103, 35 L. Ed. 906; Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016; Tomboy Gold-

Mines Co. v. Brown, 74 F. 12, 20 C.C.A. 264; Wallace v. Indianapolis, 40 Ind. 287; where the case is settled or compromised, or the judgment or decree voluntarily paid or satisfied. Buck's Stove, etc. Co. v. American Federation of Labor, 219 U.S. 581, 31 S.Ct. 472, 55 L.Ed. 345; In re Black's Estate, 32 Mont. 51, 79 P. 554; Snell v. Welch, 28 Mont. 482, 72 P. 988; Princeton Coal, etc., Co. v. Gilmore, 170 Ind. 366, 83 N.E. 500.

A purchaser who, before the issuance of an execution to evict him, surrenders possession in accordance with a decree canceling the contract of sale and ordering restitution to the vendor and execution to evict the purchaser, waives his right to prosecute error. Comeaux v. West, 78 Kan. 404, 97 P. 381. A garnishee who voluntarily pays a judgment rendered against him cannot afterward appeal. Borgalthous v. Farmers', etc., Ins. Co., 36 Iowa, 250.

Other illustrations of waiver by voluntary payment, performance, or compliance are found in Drew v. Creditors, 49 La. Ann. 1641, 22 So. 956; Evans v. Noble (Iowa) 107 N.W. 1105; York v. Barnes, 58 Kan. 478, 49 P. 596; American Book Co. v. Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613.

■ There must be an actual controversy; an appeal will not be entertained to determine moot questions, and it will be dismissed, therefore, if by act of the parties or otherwise the circumstances have so changed that it is impossible or unnecessary for the appellate court to grant relief. American Book Co. v. Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613; Crawshay v. Souter, 6 Wall. 739, 18 L.Ed. 845; Chase v. Driver, 92 F. 780, 34 C.C.A. 668; Albright v. Oyster, 60 F. 644, 9 C.C.A. 173.

■ So, here, as appellant has accepted the money award made to him by the decree appealed from and as he has fully complied with the provisions of the decree, his appeal, in this respect, is without effect.

■ Appellant contends that even though the patents are the property of appellees, the latter have been guilty of unfair competition by conversion of certain jigs, patterns, drawings, and copies of drawings, used in their business in competition with appellant, which the latter also contends can be conducted without the use of the patents. The District Court made no finding upon this issue, evidently deeming it unnecessary to do so, in view of its decision. But in view of appellant's earnest contention in this respect, we have examined the record to ascertain whether there is substantial evidence of unfair competition. As a result, we conclude, from the evidence, that there was no conversion of jigs and patterns as charged, but rather that appellant's agents were made welcome to take from the premises of appellees such jigs and patterns as it was claimed were wrongfully with appellees; that appellees exhibited at no time any intent to convert any such property but rather were perfectly willing, if there were mistake as to any of same and if any belonged to appellant, it should have the same.

Furthermore, a court of equity has no jurisdiction in this respect, for there is an adequate legal remedy in tort for any property claimed to have been illegally converted.

■ Appellant complains of appellees' use of certain drawings and copies of drawings. At the time of the transaction, appellant stated to appellees that they had a perfect right to retain copies of drawings of any patterns; that such was a perfectly legal procedure; that they had a perfect right to own the copies and that "it does not make any difference; I imagine there is more than one copy out anyway." Thus, it is doubtful if any copies of drawings were retained against the will of appellant; the evidence indicates otherwise. But if any drawings or copies were illegally retained, appellant had an adequate remedy at law for their recovery and is without jurisdiction in equity.

Accordingly the decree of the District Court is affirmed.