## JOHNSON–KENNEDY RADIO CORPORATION v. CHICAGO BEARS FOOTBALL CLUB, Inc.

### No. 6475.

Circuit Court of Appeals, Seventh Circuit.
May 27, 1938.

Howard A. Brundage, of Chicago, Ill., for appellant.

Edward M. Herman, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a final decree entered October 18, 1937, enjoining the interference with plaintiff's contract rights to broadcast the "at home" football games played in the City of Chicago by the defendant, the Chicago Cardinals Football Club, for the year 1936. The injunctive portion of the decree is set forth in the foot note:[1]

The bill of complaint, consisting of two counts, was filed on November 19, 1936. In the first count it was prayed that the defendants be restrained and enjoined "from using the broadcasting facilities

---

[1] "It Is Hereby Ordered, Adjudged and Decreed that the temporary restraining order heretofore entered herein on November 24th, A. D. 1936, be and hereby is found to be valid and proper in all respects and is made permanent.

"It is Further Ordered, Adjudged and Decreed, that the defendants, The Chicago Cardinals Football Club, Inc., a corporation, W-G-N, Inc., a corporation, Chicago Bears Football Club, Incorporated, a corporation, McCann-Erickson, Incorporated, a corporation, and Chicago National League Ball Club, a corporation, their agents, employees, representatives, successors, heirs and assigns, and any person or persons by or under or through any of them, the defendants be, and are hereby permanently perpetually enjoined and restrained from:

"(a) Interfering with the exclusive broadcasting rights and privileges of the plaintiff which are to-wit: the exclusive rights and privileges to broadcast all of the year 1936 at-home football games played in the City of Chicago, County of Cook, State of Illinois, by the defendant, The Chicago Cardinals Football Club, Inc., a corporation.

"(b) Interfering with the exclusive broadcasting rights and privileges of the plaintiff which are to-wit: the exclusive rights and privileges to broadcast the football game of November 29th, 1936, played at the Stadium popularly known as Wrigley Field, Chicago, Illinois, between the Chicago Cardinals Football Club, Inc., a corporation and Chicago Bears Football Club, Incorporated, a corporation.

"(c) Advertising, publishing, or announcing to the public that they, or any of them, are to broadcast the football game of November 29th, 1936, between the Chicago Cardinals Football Club, Inc., a corporation, and Chicago Bears Football Club, Incorporated, a corporation, at Wrigley Field, Chicago, Illinois.

"(d) Interfering, coercing, enticing or deceiving the defendant, The Chicago Cardinals Football Club, Inc., a corporation, from entering into any agreements, oral or written, whereby any person other than the plaintiff, Johnson-Kennedy Radio Corporation, a corporation were given permission or authorization to use the broadcasting facilities now available or to be made available for use on November 29th, 1936, at the premises generally known and described as Wrigley Field, Chicago, Cook County, Illinois.

"(e) Enticing or deceiving the public into the belief that anyone other than the plaintiff has any broadcasting rights or privileges for the football game to be played on November 29th, 1936, at Wrigley Field between the defendant, The Chicago Cardinals Football Club, Inc., a corporation, and Chicago Bears Football Club, Incorporated, a corporation."

now available, or to be made available at Wrigley Field for use on November 29, 1936, and that the defendants jointly and severally be permanently and forever enjoined and restrained from advertising, publishing or announcing to the public that they, or any of them, are to broadcast the football game of November 29, 1936, between the Bears and Cardinals, and that the defendants jointly and severally be permanently and forever enjoined and restrained from broadcasting the football game of November 29, 1936, between Bears and Cardinals."

In the second count an injunction was prayed restraining the Cardinals from "performing or playing, or endeavoring to perform or play the scheduled game of November 29, 1936 at Wrigley Field between the defendants, Bears and Cardinals, and from advertising that the home game of November 29, 1936, is to be played at Wrigley Field." The relief sought in the second count is not pertinent as neither the temporary or permanent injunction allowed such relief.

In view of the disposition we are to make of this appeal, there is no occasion to set forth in detail the allegations of the complaint. Briefly, they are as follows: The plaintiff operates Radio Station W-I-N-D; the defendants, Chicago Bears Football Club, Inc., and The Chicago Cardinals Football Club, each own a football team, the former referred to as the Bears and the latter as the Cardinals; the defendant National League Ball Club is the owner of Wrigley Field and the Bears was the lessee thereof. The defendant, W-G-N, owns and operates a radio station, and the defendant, McCann-Erickson, is its advertising agent. June 25, 1936, the plaintiff, so it is alleged, entered into an agreement with the Cardinals and thereby secured the exclusive rights to broadcast a football game scheduled to be played between the Cardinals and Bears on November 29, 1936, at Wrigley Field. On the following day the plaintiff entered into a written agreement with the Chicago Metropolitan Chevrolet Dealers Club, referred to as Chevrolet, to broadcast for Chevrolet on five regularly scheduled home games of the Cardinals during the 1936 season. Chevrolet was not made a party defendant. Thereafter, the Bears sold to W-G-N, who in turn sold to Standard Oil Company, through its agent, McCann-Erickson, the use and facilities of W-G-N for broadcasting all the football games of

the Bears during the season of 1936. Standard Oil Company was originally made a defendant, but subsequently dismissed.

It will thus be seen that the essential question presented by the bill on its merits was as to which team, the Bears or the Cardinals had the exclusive rights in the broadcast of the football games to be played by such teams at Wrigley Field on November 29, 1936. On November 25, 1936, the court allowed the temporary injunction. On December 15, 1936, after the purpose of the temporary injunction order was fulfilled, the defendant, Bears, answered the bill of complaint. July 2, 1937, the Bears, with leave of the court, withdrew its answer and filed its motion to strike the complaint and dismiss the suit. This motion was denied by the court and the permanent decree entered heretofore referred to from which this appeal is taken.

We think the appeal must be dismissed as the record presents no actual controversy involving real and substantial rights between the parties. The relief sought and granted had to do with an event scheduled to take place November 29, 1936, and, so far as the record discloses, actually took place on that date. The decree entered was broader than the relief prayed for and included all "the home games" of the Cardinals for the year 1936. This, however, does not alter the situation. The subject matter of the litigation has passed into history. We are unable to conceive of any reason why this court should decide a controversy, the determination of which could serve no beneficial purpose to any of the parties. The question has become moot and under such circumstances the authorities are numerous that we should dismiss the appeal. In Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293, are found illustrations justifying this conclusion. Thus said the court on page 653, 16 S.Ct. page 133:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

In New Orleans Flour Inspectors v. Glover, 160 U.S. 170, 16 S.Ct. 321, 40 L. Ed. 382, the appeal was from a decree en-

joining appellants from enforcing against appellees a certain statutory provision of the State of Louisiana. Pending the appeal, the statute was repealed, and the court dismissed the appeal on the authority of Mills v. Green, supra.

In American Book Co. v. Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613, the court in dealing with a like situation, on page 52, 24 S.Ct. page 396, said:

"The case at bar is certainly within the principle. The judgment has been complied with. It makes no difference that plaintiff in error 'felt coerced' into compliance. A judgment usually has a coercive effect, and necessarily presents to the party against whom it is rendered the consideration whether it is better to comply or continue the litigation. After compliance there is nothing to litigate."

In Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913, the trial court granted an injunction having to do with an election. The Circuit Court of Appeals dissolved the injunction and an appeal was taken to the Supreme Court. The court on page 152, 24 S.Ct. page 612, said:

"In the case at bar the whole object of the bill was to secure a right to vote at the election, to be held, as the bill alleged, on the third Tuesday of August, 1895, of delegates to the constitutional convention of South Carolina. Before this appeal was taken by the plaintiff from the decree of the circuit court of appeals dismissing his bill, that date had passed; and, before the entry of the appeal in this court, the convention had assembled, pursuant to the statute of South Carolina of 1894, by which the convention had been called."

The appeal was dismissed on the ground that the involved question had become moot.

In Gulf, Col. & S. F. Ry. Co. v. Dennis, 224 U.S. 503, the court on page 508, 32 S.Ct. 542, on page 544, 56 L.Ed. 860, said:

"Almost from the beginning it has been the settled rule in this court that when, pending a writ of error to a lower Federal court, and without the fault of the defendant in error, an event occurs which renders it impossible, if the case was decided in favor of the plaintiff in error, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the writ."

In our own Circuit, in Selected Products Corporation v. Humphreys, 86 F.2d

821, we dealt with a similar question and on page 822 said:

"It follows that if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, or renders a decision unnecessary, the appeal will be dismissed. * * *

"This rule has been applied, where pending the appeal or after suing out of a writ of error, appellant obeyed the commands of the decree."

 The only possible controversy which this appeal presents is as to who should pay the costs, but as was stated in Wingert v. First National Bank of Hagerstown, 223 U.S. 670, 32 S.Ct. 391, 56 L.Ed. 605, this is not sufficient. There, on page 672, 32 S.Ct. page 392, it is said:

"As the appeal really is prosecuted only for costs, it must be dismissed."

Finding that no controversy is presented by the record, the appeal is dismissed at appellant's costs.