BOWLES, Price Administrator, v. ADELSON et al.

District Court, S. D. New York.

May 23, 1944.

John D. Masterton, Acting Chief Enforcement Atty., of New York City (Montague S. Mendelsohn, of New York City, of counsel), for plaintiff.

Cullen & Dykman, of Brooklyn, N. Y., for defendants.

COXE, District Judge.

This is a suit for an injunction restraining the defendants from selling candies and confections until they prepare and keep available for examination a base period statement as required by Section 1499.11 of the General Maximum Price Regulation.

The plaintiff previously moved for an injunction pendente lite, and, when this motion was denied, the case was referred to a master to hear and report. A hearing was thereafter had before the master, and he has rendered a report recommending that no injunction be granted and that judgment be entered for the defendants denying relief to the plaintiff.

There was little conflict in the testimony before the master, and his findings of the essential facts may be briefly summarized.

The defendants are manufacturers of candy, which they sell at wholesale; they are the successors to Charles R. Adelson Co., Inc., which, in March 1942, conducted the business. The defendant Charles R. Adelson is the active head of the concern.

In 1942, the Adelson Company and the defendants together did a business of $309,-000, of which, in March 1942, 97.15% was with chain stores, and the remaining 2.85%, amounting to $909.23, was at prices higher than the prices paid by the chain stores. The defendant Charles R. Adelson was thoroughly familiar with Section 1499.11 of the Regulation requiring preparation of a base period statement, and he considered that the price lists of the two principal chain stores making purchases during March 1942 constituted a proper base period statement under the Regulation. These price lists, together with invoices showing prices at which the miscellaneous sales of $909.23 were made, were placed in a folder in an office safe where they were kept for preservation.

On January 21, 1944, an investigator from the Office of Price Administration visited the place of business of the defendants, and asked to see the base period statement. After some conversation with the investigator, the defendant Charles R. Adelson signed a written survey form, in which he admitted that no base period statement had been prepared showing the highest prices charged in March 1942, or the other information required by the Regulation.

On February 24, 1944, the complaint in the present action was filed, and some time later, and prior to the hearing before the master, the defendants prepared a base period statement, which the plaintiff concedes contains "substantially all the details required of a base period statement". A copy of this statement has been conspicuously posted in the defendants' place of business.

Section 1499.11 of the General Maximum Price Regulation provides that every person selling commodities or services for which maximum prices are established shall "prepare, on or before July 1, 1942, * * * and thereafter keep for examination by any person during ordinary business hours, a statement showing: (1) The highest prices which he charged for such of those commodities or services as he delivered or supplied during March 1942 * * * together with an appropriate description or identification of each such commodity or service; and (2) All his customary allowances, discounts, and other price differentials."

 I think it is perfectly clear that the chain store price lists and other invoices preserved by the defendants were in no way a compliance with this Regulation; they were merely evidentiary matter to assist the defendants in the preparation of the base period statement and to support the statement when it was prepared. It is apparent, also, from the findings made by the master that the defendant Charles R. Adelson was thoroughly familiar with the Regulation and what it required. I do not think, either, that it is a sufficient answer that the chain store price lists and the miscellaneous invoices furnished "substantially all information required to be furnished in a base period statement", for obviously the administrative authority should not be required in each case to search through a multitude of supporting records to ascertain the base period prices called for by the Regulation. I cannot escape the conclusion, therefore, that during a period of a year and a half the defendants violated the Regulation in failing to prepare and keep for examination a base period statement.

 The question remains whether the master was right in recommending that no injunction should issue. Ordinarily, the right to an injunction is not defeated by the defendant's discontinuance of his illegal conduct if the likelihood of its resumption is found to exist. Securities and

290

Exchange Commission v. Okin, 2 Cir., 139 F.2d 87, 88. But in the present case the injunction is sought only until the defendants shall prepare a base period statement containing the information required by the Regulation. This base period statement has now been prepared, and the plaintiff concedes that it is satisfactory. There is, therefore, nothing more for the defendants to do except to keep the statement "for examination by any person during ordinary business hours"; and it is unlikely that the defendants will fail to meet that requirement. I think, therefore, that the reason for the injunction no longer exists. Northwestern Light & Power Co. v. Town of Milford, 8 Cir., 82 F.2d 45, 47; Femmer v. City of Juneau, 9 Cir., 97 F.2d 649, 654; Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Wingert v. First National Bank, 223 U.S. 670, 32 S.Ct. 391, 56 L.Ed. 605; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620.

There may be a decree denying the injunction and dismissing the complaint.