**REPUBLIC ENGINEERING AND MANU-FACTURING COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**Milton A. MOSKOVITZ and Micro Precision Engineering Company, a Corporation, Defendants-Respondents.**

No. 31850.

St. Louis Court of Appeals.

Missouri.

July 20, 1965.

Mellitz & Frank, Malcolm I. Frank, Frederick Woodruff, St. Louis, for plaintiff-appellant.

Anderson, Gilbert, Wolfert, Allen & Bierman, Norris H. Allen, Kingsland, Rogers, Ezell, Eilers & Robbins, Edmund C. Rogers, John T. Rogers, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

This case, recently reassigned to the writer, involves a proceeding for contempt. The appellant, Republic Engineering and Manufacturing Company, sought to have respondents, Milton A. Moskovitz and Micro Precision Engineering Company, adjudged guilty of violating the temporary injunction and the final judgment and decree in the main action, reported as Republic Engineering and Manufacturing Company v. Moskovitz et al., Mo.App., 376 S.W.2d 649. The chancellor found that the respondents were not guilty of contempt, and after an unavailing motion for a new trial, Republic Engineering brought this appeal.

The main action originated on May 17, 1961 when appellant Republic Engineering, the licensee under a license agreement granted it by respondent Moskovitz and others, filed its petition alleging that Moskovitz and Micro Precision, and other named defendants, were breaching the agreement and prayed that they be restrained and enjoined from continuing to do so. On the same day the court issued an order to show cause. After a hearing, and on condition that appellant post a bond for $75,000, which was filed, the court on August 21, 1961 issued a temporary injunction restraining and enjoining Moskovitz and Micro Precision from manufacturing and selling certain ball joint devices which had been developed by Moskovitz and which appellant claimed were included within the terms of its exclusive license agreement. Trial on the merits of appellant's action began on October 9 and was completed on November 8, 1961. On July 10, 1962 the chancellor entered his final judgment and decree in which he found, among other matters, that the ball joint devices in dispute, whether patentable or unpatentable (an issue which he expressly declined to decide), were within the scope of the license agreement granted appellant. By the decree Moskovitz and Micro Precision were restrained and enjoined from manufacturing and selling, directly or indirectly, the so-called Moskovitz ball joints; Moskovitz and Micro Precision were ordered and directed to return to the custody of Moskovitz in St. Louis, the tools, dies and other equipment previously used in the manufacture of the Moskovitz ball joints, all of which Moskovitz and Micro Precision had shipped to Perfect Equipment Corpo-

ration in Kokomo, Indiana, on September 13, 1961; Moskovitz was ordered to retain possession of such tools, dies and other equipment; and appellant was awarded a judgment for $2,000 against Moskovitz and Micro Precision.

After the motion for a new trial of the defendants in the main action had been overruled, and after their notice of appeal had been filed in this court, appellant instituted this proceeding by filing a petition (not set out in the transcript) for an order on Moskovitz and Micro Precision to show cause why they should not be held in contempt for violating the court's injunction. The order to show cause was issued the same day. Issue was joined, and the hearing was held, on an amended petition containing two counts subsequently filed by appellants. For our purposes it is sufficient to say that in Count I appellants charged that the respondents had " * * * knowingly, intentionally, deliberately, and contumaciously * * * " violated the terms and the spirit of the temporary injunction in various specified ways. In the prayer appellant asked that respondents be "punished" for their contempt, that appellant recover its costs and expenses, including reasonable attorney's fees, and that the court "make such further orders as may be just and proper in the premises." Count II contained similar allegations regarding the respondents' alleged violations of the final judgment and decree, and the prayer corresponded with that in Count I. On December 10, 1963 the chancellor entered his findings of fact, judgment and decree in which he found that the respondents were not guilty of violating either the temporary injunction or the final judgment and decree rendered in the main action.

It should be noted that the judgment in the contempt proceeding was rendered prior to March 17, 1964, the day on which we handed down our opinion in the appeal of the main action. The fundamental dispute between the parties was over the proper construction of the exclusive license agreement. Republic Engineering claimed that the contract included all improved ball joint devices for the replacement market developed by Moskovitz, whether or not they were patentable. Moskovitz and the other defendants contended that the agreement covered only those improvements which were patentable, and that the devices in question did not meet the requirements of patentability. We rejected Republic Engineering's theory of construction, adopted that of Moskovitz and his co-defendants, ruled that only the Commissioner of Patents had jurisdiction, in the first instance, to decide whether the Moskovitz ball joints were patentable (an application for a patent filed by Republic Engineering was then pending), held, in substance, that the temporary injunction and the permanent injunction had been erroneously issued, reversed the final judgment and decree, and remanded the cause for further proceedings not inconsistent with our opinion.

At the outset of our consideration of this case we are confronted with the respondents' motion to dismiss the appellant's appeal on the ground that this contempt proceeding is now moot. In support of their motion respondents point out that the theory upon which appellant brought the main action was rejected by this court; that this proceeding was one for civil contempt; and that appellant's claimed right to remedial relief fell with our reversal of the erroneous final judgment and decree. While the appellant does not expressly state that it considers this proceeding to be one for criminal contempt, it implies that such is its view, for in its brief it quotes an excerpt from Land v. Dollar, 88 U.S.App. D.C. 311, 190 F.2d 366, 379, in which the Court of Appeals for the District of Columbia was discussing the effect on a criminal contempt when the order violated is set aside or the basic action becomes moot.

The line of demarcation between a proceeding for criminal contempt and one for civil contempt is often indistinct and con-

fusing, as we recently pointed out in Curtis v. Tozer, Mo.App., 374 S.W.2d 557, 569. As was said in Bessette v. W. B. Conkey Co., 194 U.S. 324, 329, 24 S.Ct. 665, 667, 48 L.Ed. 997, "It may not be always easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both. * * *" See, in that connection, United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884. The difficulty of determining the nature of the proceedings is compounded when, as is true here, the appellant fails to include in his transcript the order to show cause and notice, which would disclose whether the respondents were being charged with criminal contempt, if such was the case. Supreme Court Rule 35.01, V.A.M.R. While the temporary injunction and the final judgment and decree were intended to afford appellant remedial relief, the language we have quoted from the appellant's petition for an order to show cause, particularly the word "punished" in the prayer, would indicate that the proceeding was one for criminal contempt. United States v. United Mine Workers, supra; Curtis v. Tozer, supra. However, the true nature of this proceeding is somewhat academic so far as the disposition of the appeal is concerned, for in either case the final result must be the same.

■ This is so because if this proceeding is one for criminal contempt then appellant's purported appeal is a nullity, for there is no right to appeal in a proceeding for criminal contempt. Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 15 L.R.A.,N.S., 389; State v. Norman, Mo.App., 193 S. W.2d 391. As we said of a similar situation in Bauer v. City of Berkeley, Mo.App., 282 S.W.2d 154, 163:

"* * * In such a proceeding we have no power to review the action of the trial court with reference thereto. Ex parte Crenshaw, 80 Mo. 447; Limerick v. Riback, 204 Mo.App. 321, 224 S.W. 45; Holt v. McLaughlin, 357

Mo. 844, 210 S.W.2d 1006; Wingert v. Kieffer, 4 Cir., 29 F.2d 59."

■ On the other hand, if this proceeding is one for civil contempt and therefore remedial in nature, then appellant, being aggrieved by the judgment discharging the respondents, had the right to appeal as in any other civil action. Popsicle Corporation of United States v. Pearlstein, Mo. App., 168 S.W.2d 105, 107; State of Missouri ex rel. Thatcher v. Horner, 16 Mo. App. 191, 196. But the law is well established that when the principal litigation is subsequently settled, or when it is determined on appeal of the main action that the order or decree was erroneously issued, then there remains no basis upon which to rest a judgment for remedial relief for the violation of the order or decree and the proceeding for civil contempt is abated. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797; United States v. United Mine Workers, supra; Bessette v. W. B. Conkey Co., supra; Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853. For as was said in United States v. United Mine Workers, 330 U.S. 258, 295, 67 S.Ct. 677, 696: "* * * The right to remedial relief falls with an injunction which events prove was erroneously issued. Worden v. Searls, supra, 121 U.S. at pages 25, 26, 7 S.Ct. at page 820, 30 L.Ed. 853; * * *."

We note but need not rule on the interesting questions of whether the temporary injunction, having served its purpose, was merged into the final judgment and decree, High on Injunctions, 4th Ed., Vol. II, Sec. 1701b; Cirese v. Spitcaufsky, Mo.App., 265 S.W.2d 753; St. Louis 221 Club v. Melbourne Hotel Corp., Mo.App., 227 S.W.2d 764; and whether in any event the respondents could be convicted of violating the temporary injunction in a proceeding instituted after the rendition of the final judgment and decree.

For the reasons stated the respondents' motion to dismiss appellant's appeal should

be sustained and the appeal dismissed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, respondent's motion to dismiss appellant's appeal is sustained and the appeal dismissed.

WOLFE, P. J., RUDDY, J., and ROY W. McGHEE, Special Judge, concur.