THE STATE ex rel. ELIZABETH C. KNISELY, Administratrix of Estate of CHARLES H. KNISELY, v. BOARD OF TRUSTEES OF YOUNG WOMEN'S CHRISTIAN ASSOCIATION et al.

In Banc, May 15, 1916.

1. **PROHIBITION: Further Proceedings in Trial Court Pendente Lite.** After the issuance by the Supreme Court of its preliminary rule in prohibition, and even after notice served of an intended application for the preliminary rule, the trial court should not proceed to act further in the case, but should await the action of this court; since, after the preliminary writ is granted, the court to which it is directed is without jurisdiction to proceed further.

2. ————: **Interference with Judgment.** The writ of prohibition is available to prevent any interference with or vacation of any judgment previously entered in the circuit court in pursuance to the direction of the Supreme Court. It is available not only to prevent the exercise by an inferior court of jurisdiction over a cause not given it by law, but also to keep it within the limits of its power in a particular proceeding; for instance, from interfering with a final judgment rendered by a superior court.

3. **PRIVIES IN ESTATE: Purchasers After Wrongful Approval of Final Settlement.** Purchasers of property from the admin-

istrator of an estate are in privity of estate and right with him; and if his alleged final settlement was void as a final settlement and, although approved as such by the probate court, was in effect and law only an annual settlement, he is bound by a judgment subsequently rendered against him as administrator of the estate, and purchasers from him of estate property, after such approval, without jurisdiction, of his final settlement, are likewise bound and take subject to such judgment.

## Prohibition.

WRIT GRANTED.

*E. P. Johnson, Edward C. Crow* and *Morton Jourdan* for relator

(1)   The two motions filed in the circuit court are founded on the proposition that the final settlement of July 7, 1909, of the Leathe estate was valid. If the settlement was void the motions have no legal basis on which to rest. Whether the settlement of July 7, 1909, was valid or void and whether thereafter Grace A. Leathe legally represented the estate in the suit terminating in the judgment sought by motions to be set aside was forever set at rest and is now *res judicata* by the decision in State ex rel. Knisely v. Holtcamp, 181 S. W. 1007. (2) Interference by one court with another court's jurisdiction is properly prevented by prohibition. The Constitution of Missouri, art. 6, sec. 3, gives the Supreme Court superintending control over all inferior tribunals. Neither the circuit court nor any other court can now intermeddle with or interfere with or make any order or entertain any motion or other proceeding affecting the judgment entered in said circuit court in favor of the relator as administratrix against Grace A. Leathe as executrix of the estate of Samuel H. Leathe, deceased, because the jurisdiction of the Supreme Court having attached, it excludes the jurisdiction of all other courts of even coordinate jurisdiction from attaching and interfering with the en-

forcement of the orders of the Supreme Court. State ex rel. v. Reynolds, 209 Mo. 188; State ex rel. v. Barnett, 245 Mo. 122. These motions are an attempt in the circuit court to oust the jurisdiction of the Supreme Court in this matter and a direct effort to defeat the judgment which was entered in pursuance of the specific direction of the Supreme Court after the Supreme Court has decided it will enforce its own mandate and enforce the very judgment sought by these motions to be vacated. (3) The executrix, Grace A. Leathe, is estopped from alleging she did not represent the Leathe estate in relator's suit, and the respondents, Board of Trustees of Young Women's Christian Association and the Scottish Rite Cathredral Association, being in privity of estate with her, are also estopped. State ex rel. v. Homer, 249 Mo. 76; Rogers v. Johns, 125 Mo. 216; Aubuchon v. Aubuchon, 133 Mo. 265; Woerner's Am. Law of Administration (2 Ed.), pp. 1044-1045.

*Frank H. Sullivan* and *Manton Davis* for respondents.

REVELLE, J.—Those who are interested in a more complete history than here given of the case out of which this proceeding arose are referred to State ex rel. Knisely v. Holtcamp, 266 Mo. 347; Knisely v. Leathe, 178 S. W. 453; and Knisely v. Leathe, 256 Mo. 341. For our instant purpose, it suffices to say that, after prolonged litigation, this court, on June 1, 1915, directed the circuit court of the city of St. Louis to render judgment for relator herein in the aggregate amount of $192,263.75, and that, in pursuance thereof, the circuit court, on July 2, 1915, duly entered such judgment. At relator's instance, and in compliance with this court's direction, this judgment was, on July 14, 1915, certified to the probate court for classification, but that court refused to classify the judgment, upon the ground that, prior thereto, it had approved an al-

leged final settlement of the estate, and finally discharged the executrix, and was, therefore, without jurisdictional authority to act in the matter. Immediately thereafter, to-wit, on July 30, 1915, this court issued its alternative writ of mandamus, and same was duly served upon the respondent therein, to-wit, the probate judge. Sometime thereafter, namely, on October 18, 1915, and while the mandamus cause was pending in this court, two of respondents herein, to-wit, the Board of Trustees of the Young Women's Christian Association and the Scottish Rite Cathedral Association, filed in the court of their co-respondent, Hon. Kent Koerner, Judge of Division No. 6 of the circuit court of the city of St. Louis, a motion to vacate and set aside the judgment which it, in compliance with this court's directions, had theretofore rendered in favor of relator. This motion to vacate was predicated upon the theory, and alleges as its grounds, that the judgment directed by this court was invalid, because the estate had theretofore been finally settled, and the executrix fully discharged. These identical propositions were relied upon by the probate court in refusing to classify the judgment certified to it in accordance with this court's directions, and these particular questions were the only questions involved in the action then pending in this court against the probate judge. Since that time this court has made its preliminary writ of mandamus permanent, and in that case held that the alleged final settlement of July 7, 1909, was void as a final settlement, and had only the effect of an annual settlement. In that case there was directly presented and decided the identical questions which the motion to vacate the judgment involves, namely, whether the estate had been finally and fully settled, and whether the executrix was then the legal representative of the estate.

For the purpose of this case we shall assume that the motion to vacate the judgment is still pending in

the court of the respondent herein, and that, unless pro-hibited, it will, as the return discloses, proceed to hear and determine the same. This we must necessarily as-sume, because, under our law and practice, after our preliminary writ is granted the court to which it is di-rected has absolutely no authority or jurisdiction to, in any manner, proceed further. It cannot entertain motions to dismiss the proceedings, or take any other action in the premises. This should be better under-stood by the *nisi* courts of this State, as our records disclose that, in some cases, after the issuance of our preliminary rule the court *nisi* has proceeded to act to some extent. We take this occasion to say that after the issuance of our preliminary rule, or even after no-tice is served of the intended application for our prelim-inary rule, the trial court should proceed no further, but await the action of this court.

The two respondents who filed the motion to vacate the judgment allege that they purchased the property which they now hold from Grace A. Leathe, the exec-utrix of the estate. They are, therefore, in privity of estate and right with her, and are bound by judgments rendered against her. [State ex rel. v. Homer, 249 Mo. 58, l. c. 76; Rogers v. Johnson, 125 Mo. l. c. 202-216; Woerner's American Law or Administration (2 Ed.), pp. 1044-45.]

Not only did this court direct in Knisely v. Leathe, 178 S. W. 453, that this particular judgment be ren-dered, but in State ex rel. Knisely v. Holtcamp, 266 Mo. 347, it directly passed upon the questions presented by these motions, and held not only that the judgment was valid and conclusive on all parties, but that relator had the legal right to have same satisfied out of the assets of the estate. Had the circuit court refused to enter the original judgment as directed by this court, our writ of mandamus was available to compel com-pliance with that direction (State ex rel. Knisely v. Holtcamp, supra, and cases cited), and for similar rea-

sons our writ of prohibition will lie to prevent any interference with or vacation of that judgment. The question of one court intermeddling or interfering with the jurisdiction of other courts was likewise discussed in the case of State ex rel. Knisely v. Holtcamp, and we are satisfied with the views there expressed. At the time these motions were filed this court had not only held this judgment to be valid and binding, but there was pending at that time in this court another action involving the identical questions, and while these respondents were not direct parties thereto, they are in privity with those who were parties, as is apparent from the allegations in their motion. This court having at that time complete jurisdiction of the subject-matter, the circuit court had no authority to entertain jurisdiction. To hold otherwise might result in the unseemly spectacle of a circuit court setting aside a judgment directed by this court, while at the very time this court had decided, in a proper proceeding, that the judgment was valid and must be enforced. As said in State ex rel. Knisely v. Holtcamp, supra, l. c. 366: "The law must be so construed as to avoid clashes and conflicts between courts and their jurisdiction, otherwise confusion and chaos will come out of what is intended as order." When rights have been fully and finally determined, there should be an end to their litigation. Final judgments should be final, and the courts rendering them should not be trifled with. The writ of prohibition is available to keep a court within the limits of its power in a particular proceeding, as it is to prevent the exercise of jurisdiction over a cause not given by law to its consideration. Wherever judicial functions are exercised which do not rightfully belong to the court attempting to exercise them, the writ is applicable. It is our opinion that the preliminary writ heretofore issued should be made permanent, and is so ordered.

All concur.