**STATE of Missouri ex rel. OLYMPIC DRIVE–IN THEATRE, INC., a Corporation, Relator,**

v.

**The Honorable George E. SCHAAF, Judge, Division One of the Circuit Court of St. Louis County, State of Missouri, Respondent.**

**No. 55223.**

Supreme Court of Missouri, En Banc.

Sept. 14, 1970.

Kappel, Neill, Staed & Wolff, Richard Wolff, St. Louis, for relator.

Wion, Burke & Boll, J. Lloyd Wion, Paul J. Boll, Clayton, for respondent.

FINCH, Judge.

This is an original proceeding in prohibition wherein relator seeks to prohibit respondent judge from punishing it for contempt for alleged violation of a temporary restraining order issued by that court. We now make absolute the preliminary writ previously issued.

In 1961, pursuant to a building permit from the City of Pagedale, relator (Olympic) built a drive-in theatre which it thereafter operated. In late 1965 and early 1966, Pagedale passed four ordinances pertaining to drive-in theatres, one of which (No. 318) provided that the screen of a drive-in theatre must be so located that "the pictures projected thereon are not visible from any public highway, street, or thoroughfare," or, alternatively, that the drive-in "provide a wall or fence of adequate height to conceal the pictures projected on the screen from view on any public highway, street, or thoroughfare." There was no such requirement when relator built its drive-in and there was no grandfather clause in the ordinance.

In February, 1966, Olympic brought a declaratory judgment action which sought to have the court declare Ordinance 318 to be unconstitutional. The trial court (July, 1967) upheld the validity of Ordinance 318 and Olympic appealed.

While that appeal was pending, Olympic, on January 15, 1968, brought a second suit against Pagedale, alleging that its police officers were barricading entrances to and

exits from the drive-in, thereby preventing Olympic from operating. Damages and an injunction against such interference were sought. In response, Pagedale, by counterclaim, sought to have Olympic enjoined from operating the theatre, claiming, among other things, that Olympic was operating without its screen being shielded as required by Ordinance 318. After a hearing, the Circuit Court of St. Louis County on February 19, 1969, issued a temporary injunction against Olympic. The provisions thereof which are pertinent to this case were paragraphs 1 and 9 which provided as follows:

"1. Plaintiff is to repair and replace the paneling on the screening fence on the premises forthwith and is not to operate the theatre until such repairs have been satisfactorily completed, at which time plaintiff and defendant are to report to the court and secure forthwith the release of this injunction on the showing of the completion of such repairs."

"9. Plaintiff is to maintain the poles and the screening or paneling as provided in paragraph one to prevent the view of the movie screen by persons from outside the theatre on public streets in such a manner so that they are properly in place, not torn, ripped, loose or down, and plaintiff is hereby enjoined from operating in such event if said poles, screening or paneling are torn, ripped, loose, down or destroyed and not repaired within ten (10) days, excluding Saturdays, Sundays and legal holidays, from the date of said event."

Paragraph 10 of the temporary injunction specifically recited that the parties would not waive their rights concerning the validity of Ordinance 318 (then pending on appeal to this court) by compliance with the temporary injunction.

Thereafter, on March 14, 1969, pursuant to paragraph 1 of the temporary injunction, the parties notified the court that Olympic had complied with paragraph 1 of the injunction. On the same day the court entered an order lifting the temporary injunction for so long as Olympic complied with paragraph 9 which remained in force. Olympic then began to operate its drive-in theatre.

On May 12, 1969, Division One of this court decided the appeal in the declaratory judgment action, that opinion being reported at Olympic Drive-In Theatre, Inc. v. City of Pagedale, Mo., 441 S.W.2d 5. Ordinance 318 was held to be invalid because unreasonable, oppressive and confiscatory as it applied to Olympic, and the trial court's judgment was reversed. Subsequent to that opinion, Pagedale repealed Ordinance 318 and adopted a new ordinance which is not involved in this case.

The next event with which we are concerned occurred on October 22, 1969. On that date Pagedale filed in the Circuit Court of St. Louis County a petition asking that Olympic be punished for contempt for violating the temporary injunction of February 19, 1969. The petition seeking the contempt citation alleged that since July 11, 1969, Olympic had been operating the drive-in theatre and projecting pictures on the screen in spite of "the fact that certain paneling was torn and down since July 11, 1969." This was alleged to violate paragraph 9 of the temporary injunction which required maintenance of the screening or paneling so as "to prevent the view of the movie screen by persons from outside the theatre on public streets," and for that reason to constitute a contempt. On the basis of that petition by Pagedale, the Circuit Court of St. Louis County issued a citation to Olympic, ordering it to appear and show cause why it should not be punished for contempt for failure and refusal to comply with the temporary injunction order of February 19, 1969. In response thereto, Olympic filed a motion to partially dissolve the temporary injunction insofar as it involved and was based on Ordinance 318, for the reason that the Supreme Court had held the ordinance invalid and for the further reason that Pagedale on June 24, 1969, had repealed Ordinance 318. That motion and a motion by Olympic to dismiss the petition for order to show cause was overruled by

the Circuit Court, and the court proposed to proceed with a hearing on the contempt citation. This prohibition proceeding followed.

It is perfectly clear from the briefs and from oral argument, as well as from the petition asking that Olympic be cited for contempt, that the basis on which it is sought to punish Olympic for violation of the injunction is that it is projecting movies on its screen which can be seen from the street. It is alleged to have failed, commencing July 11, 1969, to maintain panels or screening which prevented such view. The net effect of such contention is that Pagedale and respondent are saying that notwithstanding this court's decision invalidating Ordinance 318, and the subsequent action of Pagedale in repealing the ordinance, Olympic still is to be punished for failure to comply with its provisions. Stated differently, they are contending that the decision of his court had no effect on the temporary injunction provisions which were predicated on Ordinance 318 or on Olympic's obligation to maintain the screening which that ordinance required.

■ The position of respondent is untenable. On July 11, 1969, the date when relator's allegedly contemptuous conduct commenced, our decision in the declaratory judgment action had become final. The City of Pagedale, no doubt as a result of that decision, had repealed Ordinance 318 on June 24, 1969. The proposed punishment for contempt, as demonstrated by the allegations in the petition for order to show cause, was based on acts which constituted a violation of Ordinance 318, although our decision in 441 S.W.2d 5 had determined that Ordinance 318 was invalid as to Olympic. Under such circumstances, respondent must be prohibited from punishing relator for contempt for violating a temporary injunction based on provisions of Ordinance 318. "To hold otherwise might result in the unseemly spectacle of a circuit court setting aside a judgment directed by this court. * * *

"When rights have been fully and finally determined, there should be an end to their litigation. Final judgments should be final, and the courts rendering them should not be trifled with. The writ of prohibition is available to keep a court within the limits of its power in a particular proceeding, as it is to prevent the exercise of jurisdiction over a cause not given by law to its consideration." State ex rel. Knisely v. Board of Trustees of Y.W.C.A., 268 Mo. 163, 168, 186 S.W. 680, 681.

■ Respondent also claims in its brief that "relator waived and is estopped from contesting the duty to properly maintain its fence," and that consequently our decision in the declaratory judgment action is of no effect. We disagree. Relator did not waive its right to rely on our decision by reason of the fact that it previously erected a fence pending our decision on the validity of Ordinance 318. The erection of the fence was for the purpose of enabling it to operate pending our determination, but that provides no basis for the assertion of either waiver or estoppel. As a matter of fact, the temporary injunction which relator is claimed to have violated specifically recited that neither relator nor Pagedale waived their rights as to their contentions regarding the validity of the ordinances then pending in the Supreme Court.

■ Respondent also states in his brief that the fence is "in a dilapidated, unsafe condition, having the appearance of an old-time pirate sailing ship sinking after having lost a fierce sea battle, despite the fact Relator constructed it under a permit requiring proper maintenance." This is asserted as a basis for punishment of Olympic for contempt. The trouble with such contention is that Pagedale did not seek to abate the fence as a nuisance, or on the basis that relator had not complied with the building permit. Instead, Pagedale sought to punish relator for not maintaining the fence "to prevent the view of the movie screen by persons outside the theatre on public

streets." In response to such request, respondent proposes to punish relator for not complying with Ordinance 318 which the temporary injunction had sought to enforce. This it cannot do for the reasons we have indicated.

Our preliminary rule in prohibition heretofore issued is made absolute.

All concur.