In re the Marriage of N.M.O., Petitioner/Trustee of the N.M.O. Irrevocable Trust/Respondent,

v.

D.P.O., Respondent/Appellant.

No. ED 81872.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 30, 2003.

Leonard J. Frankel, Michael J. Payne, St. Louis, MO, for appellant.

Cary J. Mogerman, James P. Carmody, Clayton, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Husband appeals the judgment of contempt and order of commitment [1] for failure to pay maintenance, child support and attorney's fees as ordered in a judgment dissolving the parties' marriage. We vacate the judgment in part, dismiss in part and affirm in part.

The parties' marriage was dissolved by a judgment entered on October 3, 2001, as amended on January 25, 2002. Wife was awarded primary physical custody of the parties' two minor children, subject to Husband's visitation and periods of temporary custody. Husband was ordered to pay Wife $982.00 per month for child support, to provide medical and dental insurance for the children, to pay sixty percent of any uncovered medical expenses, and eighty percent of the cost for one of the children to attend a private high school. Husband was also ordered to pay Wife $7,500.00 per month in periodic modifiable maintenance and to pay $20,000.00 directly to Wife's attorney to defray Wife's attorney's fees.

Husband did not pay any of the amounts ordered and instead filed a notice of appeal to this court. However, Husband did not file a supersedeas bond to secure payment of the judgment. Wife was able to obtain a portion of the amounts owed by means of an income withholding order directed to Husband's employer, but the amounts Wife recovered were insufficient to satisfy Husband's obligations under the decree. Accordingly, Wife filed a motion to hold

1. In his reply brief, Husband acknowledges that the judgment of contempt was not final for purposes of appeal at the time he filed his appeal because the judgment had not been enforced. *In re Crow, Gilmore,* 103 S.W.3d 778, 781 (Mo. banc 2003). After reviewing *Crow,* Husband obtained an order committing him to jail and posted bail.

Husband in contempt and a motion for attorney's fees Wife would incur in responding to Husband's appeal. After a hearing, on September 22, 2002, the trial court entered its judgment finding Husband to be in contempt for failure to pay all sums due Wife for child support and maintenance pursuant to the dissolution decree and finding Husband to be in arrears in the amount of $68,626.30 including interest. Husband was also found to be in contempt for failing to pay Wife's attorney the full amount ordered in the decree. Husband was also ordered to pay $6,000 for Wife's attorney's fees in connection with the contempt proceeding and $15,000.00 for attorney's fees on account in connection with Husband's pending appeal. Husband then filed the instant appeal.

In his first point, Husband claims the trial court erred in holding him in contempt for failure to pay the maintenance and child support ordered in the decree. We need not reach the merits of this contention, however, because on July 15, 2003, another division of this court filed an opinion which reversed the award of maintenance and remanded the matter for reconsideration to permit the trial court to consider potential income from retirement and IRA accounts awarded to Wife as directed in *Hill v. Hill,* 53 S.W.3d 114, 116 (Mo. banc 2001). *N.M.O. v. D.P.O,* 2003 WL 21643422, at 3, 115 S.W.3d 854, at 857 (Mo.App. E.D. July 15, 2003). Although the child support award was affirmed, Wife conceded at oral argument that the amounts she has recovered through the income withholding order are more than sufficient to satisfy Husband's child support obligations under the decree. In view of our reversal and remand of the maintenance award, Husband is not presently under any obligation to pay maintenance and thus cannot be found in contempt for failure to pay maintenance.[2] *Republic Engineering and Manufacturing Company v. Moskovitz,* 393 S.W.2d 78, 81 (Mo.App.1965); *State ex rel. Olympic Drive-In Theatre, Inc. v. Schaaf,* 457 S.W.2d 746, 749 (Mo. banc 1970). Accordingly, we vacate the judgment and order of commitment based on husband's failure to pay maintenance and child support as ordered in the original decree.

In his second point, Husband claims the trial court erred in holding him in contempt for failing to pay fees he was ordered to pay directly to Wife's attorney because Wife had no standing to file a motion for contempt as to that issue. However, to date, there has been no enforcement of that contempt judgment. The trial court's order of commitment pertained solely to Husband's failure to pay the child support and maintenance awards ordered in the original decree and did not mention Husband's failure to pay attorney's fees. Accordingly, that judgment of contempt is not final and the appeal as to that judgment must be dismissed. *Crow,* 103 S.W.3d at 781.

In his final point, Husband claims the trial court erred in granting Wife's motion for attorney's fees on appeal. We have reviewed the briefs of the parties and the record on appeal and find no error of law. Extended discussion of this issue would be of no precedential value. We affirm this aspect of the judgment pursuant to Rule 84.16(b).

---

**2.** Our decision reversing and remanding the maintenance award leaves open the possibility that the trial court may still award substantial maintenance or even the same amount of maintenance, retroactive to the date of the original award. However, until the trial court enters a new judgment on remand, Husband is under no present obligation to pay maintenance.

For the foregoing reasons, we vacate the judgment of contempt and order of commitment for failure to pay child support and maintenance, dismiss the appeal of the judgment of contempt for failure to pay attorney's fees, and affirm the award of attorney's fees on appeal. Cost are assessed against Husband.

BOOKER T. SHAW, P.J., Concurs.

GEORGE W. DRAPER III. J., Concurs.