**Robert J. HALAMICEK, Appellant,**

v.

**Joann HALAMICEK, Respondent.**

**No. WD 68273.**

Missouri Court of Appeals,
Western District.

June 3, 2008.

Charles Henry Stitt, Kansas City, MO, for appellant.

G.M. Mouse, Independence, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Robert J. Halamicek ("Halamicek") appeals the denial of his motion to deem a

judgment to pay maintenance satisfied pursuant to section 516.350[1] and to stay the disbursement of funds deposited with the court to purge himself of contempt for failure to pay maintenance. After divorcing Joann Portell Halamicek ("Portell"), Halamicek failed to make any of the periodic maintenance payments ordered for a three—year period in the dissolution judgment. In 1994, approximately three years after the dissolution and after the last periodic payment was due, Portell obtained an order of contempt against Halamicek. The court also issued a warrant for Halamicek's commitment, which indicated he was to be confined until he paid all maintenance in arrearage and interest thereon. At no time did Portell move the trial court to revive the judgment. Approximately twelve years later, Halamicek was arrested on the warrant. He filed a motion asking the court to declare the judgment satisfied as a matter of law. When that motion was denied, he deposited the funds described by the warrant with the court and filed a motion to stay the disbursement of funds. The court also denied that motion and he now appeals. Because the contempt judgment abated when the predicate judgment was conclusively presumed paid, we reverse the judgment.

◼ "This Court will affirm the judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. Statutory interpretation is an issue of law that this Court reviews *de novo.*" *Barker v. Barker,* 98 S.W.3d 532, 534 (Mo. banc 2003) (citations omitted).

Halamicek claims that the judgment to pay maintenance is, by operation of statute, conclusively presumed paid and, therefore, the ancillary order of contempt and warrant for commitment has abated. We agree. The judgment was presumed paid on January 1, 2004, ten years after the last periodic payment was due. And the order of contempt and corresponding warrant for commitment are considered abated once the predicate judgment was conclusively presumed satisfied.

"[I]n any judgment, order or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due. . . ." Section 516.350.2. This statutory presumption that the judgment ordering maintenance was paid is conclusive. *See Hanff v. Hanff,* 987 S.W.2d 352, 356 (Mo.App. E.D.1998) ("The language of section 516.350 naturally lends itself to a bright—line approach: either revive a judgment within 10 years of its entry or relinquish all rights of enforcement.").[2] Halamicek's obligation to pay maintenance is conclusively presumed satisfied. As of 2004, the judgment essentially ceased to have any legal effect.

◼ Moreover, once the predicate judgment no longer bound Halamicek, the ancillary civil contempt order abated. "The law is well established that when the principal litigation is subsequently settled . . . then there remains no basis upon which to rest a judgment for remedial relief for the violation of the order or decree and the proceeding for civil contempt is abated." *Republic Eng'g & Mfg. Co. v. Moskovitz,* 393 S.W.2d 78, 81 (Mo.App.1965); *see also N.M.O. v. D.P.O.,* 117 S.W.3d 729, 730 (Mo.App. E.D.2003)

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. Under section 511.370, a "plaintiff or his legal representative may, at any time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no scire facias shall issue."

(where award of maintenance was reversed and awaited reconsideration on remand, ancillary civil contempt order against payor spouse was unenforceable). "Civil contempt is intended to benefit a party for whom an order, judgment, or decree was entered. Its purpose is to coerce compliance with the relief granted." *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 578 (Mo. banc 1994). Because the relief granted, namely periodic maintenance, is conclusively presumed paid, the contempt order cannot operate to coerce compliance with the predicate judgment.

We reverse the trial court's judgment and direct that the warrant of commitment be quashed and the deposited funds returned to Halamicek.

HAROLD L. LOWENSTEIN, Judge, and THOMAS H. NEWTON, Judge, concur.