In re the MARRIAGE OF Dewey NARDINI, Jr. and Marian B. Nardini.

Dewey Nardini, Jr., Petitioner–Appellant,

v.

Marian B. Nardini, Respondent–Respondent.

No. SD 31736.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 24, 2013.

Aaron M. Klusmeyer, Springfield, MO, for Appellant.

John O. Russo, Mountain Home, AR, for Respondent.

JEFFREY W. BATES, J.

The marriage between Dewey Nardini, Jr. (Husband) and Marian Nardini (Wife) was dissolved by a final judgment entered on October 25, 2011. Wife was awarded $300 per month as maintenance retroactive to January 21, 2009. On appeal, Husband argues that Wife should not have been awarded maintenance prior to the entry date of the October 2011 judgment. We agree. The portion of the judgment awarding Wife retroactive maintenance is reversed.

In 2006, Husband filed a petition requesting dissolution of the parties' mar-

riage. Wife filed a counter-petition. After Husband dismissed his petition, Wife's counter-petition was tried on stipulated facts in November 2007. On January 21, 2009, the trial court filed a document denominated "Judgment of Dissolution of Marriage Nunc Pro Tunc." According to that document, the trial court may have intended to award Wife 30% of Husband's gross monthly Civil Service annuity as nonmodifiable maintenance. Husband's appeal was dismissed by this Court because there was no final judgment, in that the trial court had not divided and disposed of all of the parties' property and debts. *In re Marriage of Nardini*, 306 S.W.3d 165, 166 (Mo.App.2010). The opinion stated that, "[u]pon remand the trial court should more clearly differentiate between its division of marital property and its award, if any, of maintenance." *Id.* at 168 n. 1.

On July 15, 2011, the trial court conducted another trial at which additional testimony and exhibits were submitted by the parties. On October 25, 2011, the trial court entered its judgment dissolving the parties' marriage and dividing all of their property and debts. Wife was awarded maintenance "in the amount of $300.00 per month retroactive back to the 21st day of January 2009." This appeal followed.

■ In this court-tried case, appellate review is governed by Rule 84.13(d). *In re Marriage of Denton*, 169 S.W.3d 604, 606 (Mo.App.2005).[1] This Court must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Dolence*, 231 S.W.3d 331, 333 (Mo.App.2007).

Husband presents one point for decision. He contends Wife could only be awarded maintenance prospectively from the date the final judgment was entered on October 25, 2011. Husband argues that the trial court misapplied the law by awarding Wife maintenance retroactively to January 21, 2009. We agree.

■ It is well-settled that § 452.335 only authorizes a prospective maintenance award. *See, e.g., Stock v. Stock*, 158 S.W.3d 284, 287 (Mo.App.2005). Therefore, "a trial court does not have authority to award retroactive maintenance." *In re Fuldner*, 41 S.W.3d 581, 587 (Mo.App. 2001).[2] Wife concedes this is correct, but she argues that her maintenance award was not retroactive, citing *Cohen v. Cohen*, 178 S.W.3d 656 (Mo.App.2005) (*Cohen II* ). Because the procedural posture of *Cohen II* was fundamentally different, that case is distinguishable and does not support Wife's argument.

In *Cohen v. Cohen*, 73 S.W.3d 39 (Mo.App.2002) (*Cohen I* ), the trial court entered a final judgment in May 2000 that included an award of $800 per month in maintenance to the wife. *Id.* at 46. The western district of this Court reversed the maintenance award. *Id.* at 59–60. *Cohen I* remanded the case with instructions for the trial court to re-evaluate whether the IRAs awarded to the wife were income producing and, if so, whether any amount of that income should be imputed to Wife, in light of *Hill v. Hill*, 53 S.W.3d 114 (Mo. banc 2001). *Cohen I*, 73 S.W.3d at 49. Additionally, the trial court was instructed to not limit Wife's maintenance in duration and to make the award modifiable because there was no substantial evidence of any

---

1. All rule references are to Missouri Court Rules (2012). All statutory references are to RSMo (2000).

2. Because no motion for temporary maintenance was filed, § 452.315 has no application to this case.

impending change in the parties' future financial situation that would justify termination of the maintenance award. *Id.* at 59.

On remand, the trial court entered an amended judgment awarding the wife $688 per month in modifiable maintenance from the date of the original judgment. *Cohen II,* 178 S.W.3d at 669. In a second appeal, the husband argued that trial court had erred by awarding retroactive maintenance to the wife. The western district rejected that argument for the following reasons:

> Husband correctly argues that "[s]ection 452.335 speaks prospectively, not retrospectively; therefore, a maintenance award ordered in the judgment of dissolution cannot be made retroactive." The facts and circumstances of this case, however, call into question whether the maintenance awarded by the trial court can properly be characterized as "retroactive." In general, a prohibited retroactive maintenance award is an award that is made retroactive from the date of the trial court's initial judgment. In other words, a prohibited retroactive maintenance award is an award of maintenance from the date of the trial court's *initial* judgment *backwards* to another point in time. A maintenance award is not properly characterized as "retroactive" when the maintenance award is made on remand and applicable to the period from the date of the original judgment to the date of the judgment on remand.

*Id.* at 670 (emphasis in original; citations omitted).

■ In the case at bar, the document filed by the trial court on January 21, 2009 was not a judgment because it did not dispose of all issues in the case. *Nardini,* 306 S.W.3d at 171; *see also* § 512.020 (allowing an appeal from a "final judgment" in the case); *State ex rel. Saint Louis Charter School v. State Bd. of Educ.,* 376 S.W.3d 712, 717 (Mo.App.2012) (holding that no final judgment had been entered because the document denominated as a "judgment" did not dispose of all parties and issues in the case); *Goodson v. Nat'l Sports & Recreation, Inc.,* 136 S.W.3d 98, 99 (Mo.App.2004) (a final judgment must dispose of all parties and all issues in the case and leave nothing for future determination). Instead, the January 2009 document was an interlocutory order that was subject to revision until the actual final judgment was entered. *See American Western Bonding Co., Inc. v. United Surety Agents, Inc.,* 134 S.W.3d 700, 704–05 (Mo.App.2004). That did not occur until October 25, 2011, when the trial court entered the first, and only, final judgment in the case. Thus, the procedural posture of this case is markedly different than *Cohen II,* upon which Wife primarily relies.[3]

---

**3.** Wife also cites *Comninellis v. Comninellis,* 147 S.W.3d 102 (Mo.App.2004) and *N.M.O. v. D.P.O.,* 117 S.W.3d 729 (Mo.App.2003) (*N.M.O.II*), to support her argument. *Comninellis* involved an appeal from a final judgment, followed by a remand for further proceedings on the maintenance issue. *See Comninellis,* 147 S.W.3d at 104–05. *N.M.O. II* involved an appeal from a contempt judgment. *N.M.O. II,* 117 S.W.3d at 730. That finding of contempt was predicated on the entry of an earlier final judgment awarding maintenance to the wife. That maintenance award was reversed on appeal. *See N.M.O. v. D.P.O.,* 115 S.W.3d 854, 857 (Mo.App. 2003) (*N.M.O. I*). In *N.M.O. II,* the appellate court noted that "[o]ur decision reversing and remanding the maintenance award leaves open the possibility that the trial court may still award substantial maintenance or even the same amount of maintenance, retroactive to the date of the original award." *N.M.O. II,* 117 S.W.3d at 730 n. 2. Therefore, *Comninellis* and *N.M.O. II* do not support Wife's argument for the same reason as *Cohen II.*

■ "A prohibited retroactive maintenance award is an award made retroactive from the date of the trial court's initial judgment back to another point in time." *Turner v. Turner,* 214 S.W.3d 344 (Mo. App.2007). Because that is what occurred here, the trial court erred in awarding Wife maintenance retroactive to January 21, 2009.

The portion of the judgment awarding Wife retroactive maintenance is reversed. In all other respects, the judgment is affirmed. The cause is remanded, and the trial court is directed to enter an amended judgment awarding Wife $300 per month as maintenance commencing no earlier than October 25, 2011.

DON E. BURRELL, C.J., and MARY W. SHEFFIELD, J., concur.