

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| SCOTT HANNAH, | ) | |
| | ) | **WD81540** |
| Respondent, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| LAURA HANNAH; | ) | **January 15, 2019** |
| | ) | |
| Respondent, | ) | |
| | ) | |
| MISSOURI SECRETARY OF | ) | |
| STATE, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**Honorable David Paul Chamberlain, Judge**

**Before Division Two:**
**Alok Ahuja, P.J., Thomas H. Newton, and Mark D. Pfeiffer, JJ.**

The Missouri Secretary of State appeals a marriage-dissolution judgment entered in Clay County. The Secretary had been permitted to intervene as of right in the proceeding before final judgment to bring a motion for the circuit court to reconsider its findings, which would have disclosed the actual address of participants in Missouri's Safe at Home program. The Secretary contends that the final judgment, which orders

that address to be disclosed, violates section 589.663, RSMo. (2016).[1] We reverse and remand.

Mr. Scott Hannah and Ms. Laura Hannah were married in Clay County in December 2012. They have a two-year-old child. The couple separated in October 2016. Concerned for her safety, Ms. Hannah resided for a time in a domestic-violence shelter with the child and, while there, submitted an application to the Safe at Home program. Accordingly, she has a post-office-box address that does not reveal her actual physical address. Mr. Hannah filed a petition for legal separation in December 2016. Ms. Hannah filed an answer and counter-petition for dissolution of marriage. The bench trial took place in December 2017, and Ms. Hannah detailed the incidents that led her to fear being alone with Mr. Hannah, to keep the child away from him at times, and to insist on making exchanges of the child at a police station. Mr. Hannah's counsel asked Ms. Hannah on cross-examination for her physical home address, and the circuit court sustained Ms. Hannah's objection.[2] The Secretary moved to intervene after the court issued a form for statutory findings. On the basis of the findings, the circuit court directed Mr. Hannah to draft an order complying with the findings. Among the findings was that while "mom has a true fear of dad, . . . the Court finds that said fear is not supported by the evidence." Despite finding that Ms. Hannah participated in the Safe at Home program, the court also stated, "Each parent shall, at all times, provide the residence of the child to the other parent."

---

[1] Ms. Laura Hannah brings a point relied on in her respondent's brief to argue that the circuit court erred by requiring her to cease bringing the minor child to her place of work as a nanny if the child begins to attend pre-school. Because Ms. Hannah failed to timely file a notice of appeal or cross-appeal, she has not perfected her appeal and we will not consider this point further. Rule 81.04(a) & (c).

[2] Attached in Appendix A is that portion of the transcript pertaining to this objection.

The Secretary also filed a motion for reconsideration of the form for statutory findings to argue that section 589.669 requires the courts to accept Ms. Hannah's Safe at Home designated address when creating a new public record and that this confidentiality may be overcome only if the Secretary determines that exigent circumstances require it. The Secretary requested that the court modify the requirement that Ms. Hannah disclose her actual physical address in the findings and in the impending order and judgment. The circuit court granted the Secretary's motion to intervene during a January 2018 hearing, at which the Secretary stated that both mother and child were participants in the Safe at Home program; the court denied the motion to reconsider its form for statutory findings. The marriage-dissolution judgment was entered January 24, 2018; it acknowledges Ms. Hannah's participation in the Safe at Home program and thus states that she is not required to disclose her physical address, but further requires that "[e]ach parent will keep the other informed at all times of the physical residential address and telephone number of the minor child." The Secretary timely filed this appeal.

**Legal Analysis**

In his point relied on, the Secretary argues that the circuit court erred in requiring that Ms. Hannah disclose to Mr. Hannah "the physical residential address and telephone number of the minor child" at all times, in violation of the Safe at Home statute, in that the program shields such disclosure, the court failed to comply with the statute's procedural requirements or to limit disclosure, and failed to respect the mother and child's rights as program participants. Because this issue requires statutory

3

interpretation, we conduct *de novo* review and give the circuit court's interpretation no deference. *Halamicek v. Halamicek*, 254 S.W.3d 260, 261 (Mo. App. W.D. 2008).

Sections 589.663 (eff. Aug. 28, 2016) and 589.664 (eff. Aug. 28, 2017) establish a program in the Secretary's office "to protect victims of domestic violence, rape, sexual assault, human trafficking, or stalking by authorizing the use of designated addresses for such victims and their minor children."[3]  Under the "Address Confidentiality," or "Safe at Home," program, an applicant files a statement with the Secretary swearing that "the applicant has good reason to believe that he or she:  a. Is a victim of domestic violence, rape, sexual assault, human trafficking, or stalking; and b. Fears further violent acts from his or her assailant." § 589.663(2)(c).[4] "Upon receipt of a properly completed application, the secretary may certify the applicant as a program participant."  § 589.663(3).  Participation is for a period of four years and gives those enrolled a designated address to serve as their address, with the Secretary forwarding first-class mail, legal documents, and certified mail to the mailing address specified in the application.  § 589.663(1), (3), & (4).[5]

Section 589.664 places certain limitations on the dissemination of a participant's actual address, including the following:

> 1.  If an individual is a participant in the address confidentiality program under section 589.663, no person or entity shall be compelled to

---

[3] This section was revised in 2018 (eff. Aug. 28, 2018) to add to those protected the victims of "other crimes who fear for their safety, as well as the safety of individuals residing in the same household as the victim." § 589.663.  The program now also authorizes the use of the designated address for victims, "their minor children, and individuals residing with them." § 589.663.

[4] This subsection was amended in 2018 (eff. Aug. 28, 2018) to require that the application include a statement "that the applicant has good reason to believe that he or she:  a. Is a victim or resides in the same household as a victim; and b. Fears future harm." § 589.663(2)(c).

[5] Subsection (5) was added in 2018 (eff. Aug. 28, 2018).  It states, "This section shall be liberally construed as to not hold omissions by the secretary against participants or applicants." § 589.663(5).

4

disclose the participant's actual address during the discovery phase of or during a proceeding before a court or other tribunal unless the court or tribunal first finds, on the record, that:

(1) There is a reasonable belief that the address is needed to obtain information or evidence without which the investigation, prosecution, or litigation cannot proceed; and

(2) There is no other practicable way of obtaining the information or evidence.

2. The court shall first provide the program participant and the secretary of state notice that address disclosure is sought.

* * *

4. Notwithstanding any other provision of the law to the contrary, no court shall order an individual who has had his or her application to the program accepted by the secretary to disclose his or her actual address or the location of his or residence without giving the secretary proper notice. The secretary shall have the right to intervene in any civil proceeding in which a court is considering ordering a participant to disclose his or her actual address.

5. Disclosure of a participant's actual address under this section shall be limited under the terms of the order to ensure that the disclosure and dissemination of the actual address will be no greater than necessary for the purposes of the investigation, prosecution, or litigation.

§ 589.664.1, .2, .4, & .5. We are unaware of any written decisions in Missouri addressing the meaning or application of these provisions. It is clear, however, that the circuit court here did not make any findings about the need for this information to be disclosed, nor did it notify the Secretary that disclosure would be sought.[6]

The Legislature itself has underscored the importance it attaches to not revealing the actual address of a Safe at Home participant in the context of marital dissolution by amending section 452.375 in 2018 (eff. Aug. 28, 2018) to protect any actual address

---

[6] The Secretary claims that he learned about the forthcoming judgment "only when Ms. Hannah reached out to the Secretary."

5

information appearing in "records and information pertaining to a minor child including, but not limited to, medical, dental, and school records." § 452.375.12. A new sentence in subsection 12 states, "A court shall order that the reports and records made available under this subsection not include the address of the parent with custody if the parent with custody is a participant in the address confidentiality program under section 589.663." § 452.375.12. Similarly, two new sections have been added to the statute addressing the relocation of a child by a parent in the dissolution of marriage chapter. Section 452.377 now states:

> 3. If a party seeking to relocate a child is a participant in the address confidentiality program under section 589.663, such party shall not be required to provide the information in subdivision (1) of subsection 2 of this section, but may be required to submit such information under seal to the court for in camera review. Prior to disclosure of this information, a court shall comply with the provisions of section 589.664.
>
> * * *
>
> 13. A participant in the address confidentiality program under section 589.663 shall not be required to provide a requesting party with the specific physical or mailing address of the child's proposed relocation destination, but in the event of an objection by a requesting party, a participant may be required to submit such information under seal for the court for in camera review. Prior to disclosure of this information, a court shall comply with the provisions of section 589.664.

§ 452.377.3 & .13.

We believe that the Safe at Home statute leaves no room for a circuit court to find whether a participant has been abused or is fearful of abuse before deciding whether to shield his or her actual address from disclosure. This information is absolutely shielded from disclosure, with limited exceptions, none of which apply here. Mr. Hannah argues that (1) the trial court did not order the disclosure of Ms. Hannah's

6

address and did not consider doing so, thus the court was not required to notify the Secretary; (2) neither Ms. Hannah nor the Secretary introduced evidence about "potential harm to her and the minor child's safety" when the motion to reconsider was argued; (3) because the court did not require the disclosure of Ms. Hannah's address, it was not required to make findings as to whether the address was needed; (4) no evidence was introduced to show that the child was part of the program; and (5) Mr. Hannah has a right to know where his child lives.[7]

To the extent Mr. Hannah contends that Ms. Hannah's physical address will not be disclosed, his argument is disingenuous. She lives with and has joint legal and physical custody of the child, so revealing the child's physical address will reveal her address. The circuit court was required to notify the Secretary under the statute. § 589.664. Further, the circuit court made no finding that disclosure of Ms. Hannah's address was needed "to obtain information or evidence without which the investigation, prosecution, or litigation cannot proceed," and we question whether any such finding *could* be made, given that the court was entering a final dissolution decree.[8] While the law did not require shielding the address of a participant's child in January 2018 when the judgment issued, it does now, and we find no reason to affirm a judgment that

---

[7] Mr. Hannah refers to his fundamental right to make decisions concerning the care, custody, and control of his child. This argument implicates a constitutional dimension that has been raised for the first time on appeal. He cites in this regard, *Troxel v. Granville*, 530 U.S. 57, 65 (2000), which addressed a custody ruling under the Fourteenth Amendment's Due Process Clause. Because Mr. Hannah did not raise a constitutional question at the earliest opportunity, he has waived it and we do not consider it further. *Mo. Elec. Coop. v. Kander*, 497 S.W.3d 905, 918 (Mo. App. W.D. 2016).

[8] As explained in the text, sections 589.663 and 589.664 do not permit a circuit court to order disclosure of a participant's address based on the court's independent finding that the participant has not been abused or does not fear further abuse. In formulating an appropriate parenting plan, however, the court would be entitled to consider whether a parent had improperly sought to invoke the protections of the Safe at Home program to gain a tactical advantage in a dissolution proceeding.

requires disclosure of that address. Further, while Ms. Hannah did not testify that the child was a program participant, the Secretary was prepared to offer proof during the hearing on its motions to intervene and to reconsider that both had applied to participate in the Safe at Home program.[9]

---

[9] In this regard, the transcript reveals the following exchange:

**MR. WRIGHT**: Well, we would like to intervene on forthcoming judgment on dissolution of marriage, specifically on the requirement on whether--which addresses should be disclosed at what time. The Respondent and her child are both participants in the Safe At Home program, and the requirement that--it seems to be indicated--

**THE COURT**: The child is participant?

MR. WRIGHT: Yes, Your Honor, and I do have an application that has the minor child (indiscernible). And so we would intervene on the (indiscernible) and ask that this Court to reconsider the (indiscernible) address.

**THE COURT**: Why don't we get back in chambers.

(Proceedings recessed at 9:06 a.m.)

**THE COURT**: Back on the record with 16CY-CV11257, Hannah v. Hannah. Go ahead and give me your entries once again, please.

**MS. SCHWAPPACH**; Emily Schwappach on behalf of Petitioner.

**MS. AURIEMMA**: Rebecca Auriemma on behalf of Respondent.

**MR. WRIGHT**: Adam Wright on behalf of intervenor, Missouri Secretary of State.

**THE COURT**: I have indicated by docket entry that the Secretary of State's motion to intervene is granted. I understand that you all wish me to take up the Secretary's motion for reconsideration at this time, is that correct?

**MS. SCHWAPPACH**: Yes.

**MS. AURIEMMA**: Yes, Your Honor.

**MR. WRIGHT**: Yes, Your Honor.

**THE COURT**: Anything in addition? Does the Secretary have anything in addition to the written motion that was filed?

**MR. WRIGHT**: No, Your Honor.

THE COURT: All right. I will show that motion denied.

8

Accordingly, this point is granted and the case is remanded for the circuit court to issue a new judgment that does not in any way require the disclosure of the actual, physical residence of Ms. Hannah or the minor child when she is with Ms. Hannah. This applies as well to the provisions on relocation, transportation, and exchanges of the child.

## Conclusion

Because the circuit court erred in interpreting the Safe at Home statute, we reverse and remand for further proceedings consistent with this opinion.

/s/ *Thomas H. Newton*
Thomas H. Newton, Judge

Alok Ahuja, P.J., and Mark D. Pfeiffer, J. concur.

9

Mr. Hannah's counsel, Ms. Schwappach, asked the question giving rise to the objection. Ms. Hannah's counsel was Ms. Auriemma.

Q. Let's talk about you[r] proposed parenting plan what's your – where are you living right now? What's your physical home address? Not your P.O. Box.

MS. AURIEMMA: I'm going to object.

THE COURT: On what basis?

MS. AURIEMMA: My client has already testified that she's with the Safe at Home, and that her legal residence is the P.O. Box.

MS. SCHWAPPACH: Judge, I'm not asking for a P.O. Box. I'm asking for where she physically is with the child. Safe at Home might allow for her not to give out her address – in certain circumstances to use that as her address. That doesn't mean she can't say what her address is. Nothing's preventing her –

MS. AURIEMMA: My client has testified that she feels unsafe giving dad the address. She's gone through the proper procedures to apply and adhere with Safe at Home. Giving the address to dad right now in open court would just diminish the whole process.

THE COURT: I understand what she feels. Okay? Do you have any legal basis, though, that would allow me to sustain your objection? One of the eight factors I have to consider is the child's home.

MS. AURIEMMA: May I take a break and talk with my client?

THE COURT: You can take a break. You can. I mean, if it's going to be more than a couple minutes, ought to just break for lunch –

MS. AURIEMMA: No. It'll be a couple minutes and that's it.

THE COURT: Yeah, we can take a short break.

> (A recess was taken.)
> (Audio begins as followed:)

MS. AURIEMMA: It's our understanding, but I haven't had a chance to look at it, but part of that statute says if a Court was to order her to give her address, she's supposed to be given 24-hours['] notice. I have not seen that statute. I don't know if it requires more time for me to look up –

10

THE COURT:  What's the number?  You don't know the number?

MS. AURIEMMA:  I don't know.  That was my concern.

THE COURT:  Okay.  We'll take a lunch break.  We'll see you all back here at 1:30.

MS. AURIEMMA:  All right.

(A recess was taken.)

THE COURT:  Please have a seat and make yourself comfortable.  Ma'am, come on up, if you would.  Before we left for lunch, there was a question posed and an objection made.  And I have received some information, education and based upon, I will sustain the objection.

11