**Marianne Fuller RICHMOND,**
**Respondent,**

v.

**Russell Forrest RICHMOND,**
**Sr., Appellant.**

**Nos. ED 84635, ED 84699.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 7, 2005.

Steven W. Garrett, Clayton, MO, for appellant.

Susan M. Hais, Clayton, MO, for respondent.

NANNETTE A. BAKER, Judge.

Russell Richmond ("Father") appeals from the final order and judgment of dissolution of marriage awarding child support and maintenance to Marianne Richmond ("Mother"), and dividing property and debts of the marriage. Father claims ten points on appeal. We deny nine of these claims and find that no jurisprudential purpose would be served by an exposition of the detailed facts and law.[1] Rule 84.16(b).

Viewed in the light most favorable to the judgment, the evidence shows the following: Mother and Father were married on June 11, 1989. Two children were born during the marriage, RFR on November 7, 1990, and SFR on February 16, 1993. The parties separated twice during their marriage, lastly on March 28, 2003. On August 26, 2003, there was a Judgment Pending Dissolution Proceeding, and on April 13, 2004, the marriage was dissolved in St. Louis County Circuit Court. Father and Mother were awarded joint legal and physical custody of the minor children, with Mother named the residential parent. The parties agreed on a parenting plan prior to the final order, which included the children continuing to attend private schools.

At the time of trial, Mother was a graduate student in Social Work at Washington University, and was due to graduate in May 2004, after which she would need to complete two years of supervision before taking a licensing exam. Mother had no current income. Father claimed income of only $50,000 annually, despite the apparent success of his company, Richmond Group, Inc. ("RGI"). Prior to starting RGI in 1996, Father held various executive positions with different companies, earning annual salaries of between $150,000 and more than $250,000.

Mother offered the testimony of a vocational expert, Dr. Philip Lorenz ("Lorenz"). After evaluating Father's work history and the market in which Father works, Lorenz determined that Father should be earning a salary between $150,000 and $175,000 per year. Lorenz also used Father's deposition and tax returns in making his determination that Father's current salary is not consistent with his earning ability.

The trial court imputed income to Father of $150,000 per year, for a gross monthly income of approximately $12,500. The court based its findings on Father's experience and work history; his earnings record; and the monies deposited into his business account for the months of January and February, 2004. The trial court also found that Father had monthly expenses of $4,306.

Although Mother has not worked full-time since 1991, the trial court found that she had previously earned $70,000 per year. In recent years, working part-time, Mother earned between $12,260 and $21,000 per year. The trial court imputed income to Mother in the amount of $2,000 per month, based on her work experience, earnings history, and education. Mother's

---

1. The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision pursuant to Rule 84.16(b). These allegations of error assert that the trial court erred in its finding the amount of Father's imputed income and, based on that finding: (1) improperly awarded amounts of child support and maintenance to Mother; (2) ordered Father to pay 50% of the cost of children's private school; and (3) extracurricular activities; and (4) awarded retroactive child support to Mother. Father also alleges that the trial court erred in: (5) refusing to allow Father's accountant to testify regarding 2003 tax return; (6) awarding Mother 50% of the value of Father's frequent flyer miles; (7) ordering Father to pay Mother's attorney fees; (8) not awarding Father his separate property; and (9) not quashing Mother's writ of execution and levy on Father's train set.

average net monthly expenses were approximately $7,682.

■ Based on the above facts, the trial court ordered Father to pay Mother $2,000 per month for periodic maintenance, and $1,337 for support of the two minor children. In its order, the trial court ordered the maintenance and child support to be paid retroactive to May 14, 2003, which was the date Mother filed her Petition for Dissolution. Father asserts that the proper date for retroactive maintenance is the date Mother filed her Motion for Temporary Maintenance. However, that date is unclear from the record. He claims that awarding maintenance retroactive to the Petition for Dissolution is a misapplication of the law. We agree.

■ The standard of review for appellate action in a dissolution of marriage is that we will affirm the trial court's judgment of dissolution unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Colquitt v. Muhammad,* 86 S.W.3d 144, 148 (Mo.App. E.D.2002). Section 452.335, which governs requirements for maintenance, speaks only prospectively, not retroactively; therefore, a maintenance award ordered in the judgment of dissolution cannot be made retroactive. *Id.* However, Section 452.315, which governs awards of temporary maintenance, has been interpreted to allow a retroactive award of temporary maintenance to the date the motion for temporary maintenance was filed. *Id.* It is clear that an award of retroactive maintenance may be made retroactive *only to the date the motion for temporary maintenance was filed. Id.* at 149. *See also, In re Marriage of Lindeman,* 140 S.W.3d 266 (Mo.App. S.D. 2004).

In the case at hand, Mother filed her Petition for Dissolution on May 14, 2003, and filed her Motion for Temporary Support on some later date, which is not clear from the record. Two dates for a PDL filed by Mother are cited in the case record, July 8, 2003, and July 23, 2003. It is unclear which of these motions is the Motion for Temporary Support. The Amended Judgment of Dissolution of Marriage, dated April 13, 2004, ordered Father to pay Mother maintenance in the sum of $2,000 per month, retroactive to May 14, 2003, for a total of back maintenance in the amount of $20,000 through the date of the Order. The trial court misapplied the law in failing to order the maintenance retroactive only to the date of the *Motion for Temporary Support.* Point sustained.

We reverse and remand on this point only, to the trial court to recalculate the amount of retroactive maintenance only to the date of Mother's Motion for Temporary Support, in accordance with the instructions of this court.[2]

We have reviewed Father's nine remaining points and the record on appeal, and we find no error of law. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the remainder of the judgment pursuant to Rule 84.16(b).

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.

---

**2.** This court has reviewed the Motions taken with the case. Respondent's Motion to Dismiss Appeal and Motion to File supplemental Legal File are denied.