Michelle Middleton TURNER,
Respondent,

v.

William Clark TURNER, Appellant.

No. ED 87406.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 2007.

Cary J. Mogerman, Mary E. Niemira, Clayton, MO, for respondent.

Gretchen R. Szydlowski, Mary Ann Weems, Clayton, MO, for appellant.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

William Turner ("Husband") appeals the judgment dissolving his marriage to Michelle Turner ("Wife"). We affirm as modified.

## I. BACKGROUND

Wife filed a petition to dissolve her marriage to Husband in April 2004. On June 30, 2004, she filed a motion for temporary maintenance and support, as well as other requests, after Husband stopped supporting her and her two minor children. The trial court entered a judgment *pendente lite* that dealt with temporary custody and other issues but specifically left open Wife's claims for temporary maintenance. On May 3, 2005, the trial court entered a judgment dissolving the parties' marriage. The judgment included a maintenance award to Wife beginning in May 2004. In response to Husband's and Wife's post-judgment motions, the court entered an amended dissolution judgment on August 10, 2005, that did not change Wife's original maintenance award.

Husband raises several points on appeal, including an argument challenging the trial court's award of retroactive maintenance. We affirm as modified on that ground. With respect to the remaining points on appeal, the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An opinion reciting the detailed facts and restating the principles of law as to those points would have no precedential value. The parties have been furnished with a memorandum opinion, for their information only, setting forth the facts and reasons for the order. We affirm the judgment on those points in accordance with Rule 84.16(b).

## II. DISCUSSION

### A. Standard of Review

 In a dissolution case, we review the trial court's judgment pursuant to the general principles set forth in *Murphy*, 536 S.W.2d at 32. *Nichols v. Nichols*, 14 S.W.3d 630, 634 (Mo.App. E.D.2000). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Murphy*, 536 S.W.2d at 32. We view the evidence and the reasonable inferences therefrom in the light most favorable to the decree. *Id.*

### B. Retroactive Maintenance

 In his second point, Husband argues the trial court erred in awarding Wife retroactive maintenance because it is not authorized by section 452.335.[1] In response, Wife contends the court did not order retroactive maintenance but instead awarded maintenance prior to the date of dissolution in connection with her motion for costs *pendente lite*. We agree with Husband.

 Both parties agree that in authorizing courts to award maintenance, "[s]ection 452.335 speaks prospectively, not retrospectively." *Colquitt v. Muhammad*, 86 S.W.3d 144, 148 (Mo.App. E.D.2002). Therefore, a maintenance award ordered in a dissolution judgment cannot be made retroactive. *Id.* A prohibited retroactive maintenance award is an award made retroactive from the date of the trial court's initial judgment back to another point in time. *Cohen v. Cohen*, 178 S.W.3d 656, 670 (Mo.App. W.D.2005). While retroac-

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

tive maintenance is prohibited under section 452.335, a court may order maintenance payments to begin prior to the date of dissolution pursuant to a party's motion for temporary maintenance under section 452.315. *Colquitt*, 86 S.W.3d at 148.

Wife argues that the award granting her maintenance beginning in May 2004 was not made under section 452.335 but instead under section 452.315, the section dealing with temporary maintenance. Wife explains that the issue of temporary maintenance contained in her motion for costs *pendente lite* was not ruled upon before trial. She further notes that the court's judgment *pendente lite* specifically stated it was entered without prejudice to claims either party may raise at trial, including maintenance and retroactivity. Because the court left these issues open, Wife asserts it necessarily entered its award of maintenance beginning in May 2004 in response to her request for temporary maintenance under section 452.315. Citing *Richmond v. Richmond*, 164 S.W.3d 176, 178 (Mo.App. E.D.2005), Wife concedes that this Court should modify the temporary maintenance award so that it is retroactive to June 30, 2004, the date she filed her *pendente lite* motion. *See also Colquitt*, 86 S.W.3d at 149 (stating that it is clear that an award of retroactive maintenance may be made retroactive only to the date the motion for temporary maintenance was filed).

While we find that Wife is correct in arguing that a retroactive maintenance award may be proper if entered pursuant to section 452.315, we disagree that the trial court entered a temporary maintenance award in this case. The court specifically addressed Wife's motion for temporary maintenance in its findings of fact and conclusions of law. In particular, the court stated the following (emphasis ours):

Although a consent judgment pendente lite was entered herein on October 12, 2004, it did not address maintenance and specifically, by its terms, left the issue of retroactive maintenance and child support open for this Court's determination. The Court *will not* order retroactive maintenance due to apportioning debt to Husband for credit cards used by Wife to support herself during separation.

From this language, it is clear that the trial court did not intend to award Wife maintenance in connection with her *pendente lite* motion.

■ Rule 84.14 [2] permits us to give such judgment as the court ought to give and instructs us to dispose finally of the case unless justice otherwise requires. *Malawey v. Malawey*, 137 S.W.3d 518, 525 (Mo. App. E.D.2004) (quoting Rule 84.14). Although the judgment ordered Wife's maintenance to begin on May 1, 2004, we believe it is clear the court intended the payments to begin in May *2005*, when the court entered its original decree. This is especially apparent considering that a May 1, 2004, start-date would be otherwise arbitrary even if the court did award temporary maintenance pursuant to Wife's June 30, 2004, request. "We can render the judgment that the trial court should have rendered when the record and evidence give us confidence in the reasonableness, fairness, and accuracy of the conclusions reached." *Malawey*, 137 S.W.3d at 525 (internal citations omitted). Because the trial court's intentions are clear, we change the date Wife's maintenance award is to begin to May 3, 2005, the date the trial court accepted the findings and conclusions of the commissioner in the parties' original decree, and affirm the trial court's maintenance determinations in all other respects.

2. All references to Rules are to the Missouri Supreme Court Rules (2006).

## III. CONCLUSION

Point II is granted. Judgment is affirmed as modified.

LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J., concur.