**Nicholas B. CARTER, Appellant,**

v.

**Carolyn K. CARTER, Respondent.**

**No. ED 95337.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 14, 2013.

Benicia Baker–Livorsi, St. Charles, MO, for Appellant.

James J. Leightner, Clayton, Mo, for Respondent.

ROY L. RICHTER, Judge.

Nicholas B. Carter ("Husband") appeals from the trial court's Amended Judgment and Decree of Dissolution of Marriage dated June 2, 2010, *inter alia*, ordering Husband to pay monthly maintenance to Carolyn K. Carter ("Wife") and dividing the parties' property and debts. Husband challenges the validity of the trial court's order, and the court's orders regarding maintenance and the division of property and debts. We affirm in part and reverse and remand in part.

## I.  BACKGROUND

Husband and Wife were married on June 23, 1990, in St. Louis City. Husband and Wife have three teenage children. On appeal, there are no issues relating to child custody or child support.

The parties separated on November 23, 2008, after a few years of discord and unpleasant behavior toward each other. Husband filed a Petition for Dissolution of Marriage in the Circuit Court of St. Louis County on December 2, 2008. Throughout the next year-and-a-half, litigation proceeded regarding the dissolution of marriage, the division of marital property and debts, and maintenance. On June 2, 2010, the trial court reviewed and accepted the findings and recommendations of the Family Court Commissioner and entered an Amended Judgment and Decree ("Amended Judgment") dissolving the marriage, dividing the marital property and debts, awarding Wife maintenance in the amount of $4,200 per month, and ordering the sale of the marital residence.

On June 18, 2010, Father requested a rehearing, which was denied, and the Amended Judgment entered on June 2, 2010, was affirmed. This appeal now follows.

## II.  DISCUSSION

Husband raises three points on appeal. In his first point, Husband alleges the trial court entered an invalid Amended Judgment, in that the trial court failed to properly distribute the parties' marital residence and, further, the trial court erred in ordering Husband pay 50% of the marital residence mortgage and utilities while also ordering Husband to pay Wife maintenance.

Second, Husband claims the trial court erred as a matter of law in awarding Wife $4,200 per month in maintenance for an unlimited, but modifiable, duration, because Wife's reasonable needs included speculative and inconsistent expenses.

Finally, in his third point on appeal, Husband asserts the trial court erred in dividing the marital debts—specifically, the 2008 and 2009 state and federal income tax liabilities—by ordering Husband to pay 100% of said tax liabilities.

### Point I—Sale of the Marital Residence

To begin, Husband alleges the trial court's Amended Judgment was invalid because the court erred as a matter of law in ordering the sale of the marital residence, and the trial court abused its discretion in preserving common and joint ownership (between Husband and Wife) of the marital residence until sale, ordering Husband to pay 50% of the mortgage for the marital residence until sale, and ordering Husband to pay Wife maintenance (the maintenance calculation determining Wife's reasonable needs included Wife's 50% share of the mortgage for the marital residence).[1]

### Standard of Review

In a dissolution of marriage case, this Court reviews the trial court's judgment pursuant to the general principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *See Fisk v. Fisk*, 81 S.W.3d 1 (Mo.App. E.D.2001). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Richmond v. Richmond*, 164 S.W.3d 176, 178 (Mo.App. E.D.2005). We view the evidence and the reasonable inferences

---

1. As defined by Wife in her Brief, Husband's argument can be summarized as: Wife is "double-dipping."

therefrom in the light most favorable to the judgment. *Neal v. Neal,* 281 S.W.3d 330, 337 (Mo.App. E.D.2009).

### Analysis

■ In the Amended Judgment the trial court ordered the marital residence be sold using a real estate agent to which the parties agreed:

In the event that the parties cannot agree as to the listing price or subsequent sale price, then the parties shall initially list the property for the sum of $405,000.00, and shall reduce the list price by the sum of $5,000.00 every three months until sold, except, however, the property shall not be sold for less than $360,000.00 unless agreed to by the parties.

Less than two months later, the trial court, in denying Husband's Motion for Rehearing of

the Judgment, sustained the Amended Judgment with one caveat: the judgment should be modified to remove the provision that the property cannot be sold for less than $360,000 because that provision may make the property unsaleable in the current real estate market. The property should be sold at a reasonable price as may be recommended by the real estate agent hired by the parties.

■ We begin by noting, "[p]lacing the marital property in common ownership until a sale does not represent error *ipso facto.*" *Thomas v. Thomas,* 76 S.W.3d 295, 303 (Mo.App. W.D.2002); *see also Colabianchi v. Colabianchi,* 646 S.W.2d 61, 65 (Mo. banc 1983) ("In the [Missouri Court of Appeals,] Eastern District, ownership of marital property such as the family home in this case is allowed to remain as a tenancy in common after dissolution until the property's disposition by sale."). However, for a dissolution judgment requiring the sale of a marital residence to be enforceable, the judgment must specifically designate how the marital residence will be placed for sale, provide a time frame for selling, and any reasonable conditions upon the sale of the home as the trial court deems necessary. *See Kelly v. Kelly,* 340 S.W.3d 673, 676–78 (Mo.App. W.D.2011); *Thomas,* 76 S.W.3d at 304.

Here, the trial court failed to set a time limit for the sale of the home. As such, it is conceivable the marital residence could remain on the market indefinitely, especially in a housing market such as the one endured by the St. Louis region beginning in 2008. While the trial court's order for the sale of the marital residence complied in all other respects, it, nevertheless, failed to designate a time period for how long the marital residence would remain on the market.

We find support for our holding in *Kelly v. Kelly,* 340 S.W.3d 673 (Mo.App. W.D. 2011). In that case, the trial court ordered the sale of the marital residence in almost identical fashion as the trial court ordered in the case at bar:

[T]he parties' marital home ... shall be listed for sale with a realtor with a list or asking price of $240,000.... [I]f the said marital real estate is not sold (or a signed contract for sale obtained) within 60 days, the asking or listing price shall be lowered by $10,000, and further shall be lowered by an additional $10,000 after each 60 days that the property is not sold (or a signed contract for sale obtained) until the price is lowered to $210,000 at which time it shall remain at $210,000 until sold.

*Id.* at 676–77. Disregarding the error of placing a $210,000 floor upon the sale of the marital residence in *Kelly* (the case at bar has no similar error due to trial court removing the $360,000 floor, *supra* ), the Missouri Court of Appeals, Western District, nevertheless, found "the judgment

must contain some provisions to ensure that the residence is not marketed indefinitely[.]" *Id.* at 677. The *Kelly* court held that although the judgment provided numerous specifics for the sale of the marital residence, the judgment failed in providing a specific date certain by which the home must be sold, thereby, creating no incentive for the wife (who was living in the marital residence without paying any share of the mortgage) to assist in the sale and increasing the likelihood that future court intervention would be necessary if the home failed to sell. *Id.* Similarly, the trial court in the case at bar failed to provide a date certain by which the home must be sold. Further, analogous to the wife in *Kelly* living in the marital residence mortgage-free, here, Wife, is theoretically living mortgage-free as well since her share of the mortgage payment is included in her maintenance award.

We also find *Thomas v. Thomas,* 76 S.W.3d 295 (Mo.App. W.D.2002), instructive. In *Thomas,* the trial court likewise directed the sale of the marital residence:

> The parties' realty described as the East half of Block 8 in the original town, now the City of Savannah, Andrew County, Missouri and known locally as 602 West Chestnut shall be sold. [Mr. Thomas] shall place the property on the market for sale at $56,000 or at such price as is recommended by the real estate agent selected by [him]. The parties shall cooperate with any respect to any reasonable and necessary repairs and preparation for sale. Any equity remaining after paying the mortgage owed to [the bank] and the reasonable and necessary costs of sale, including realtors commission, shall be divided equally between [Husband] and [Wife].

*Id.* at 303. Similar to *Kelly,* the Western District in *Thomas* found that the order directing the sale of the marital residence was inadequate because the judgment was silent as to "*when* or how the property shall be sold." *Id.* at 304 (emphasis added). Accordingly, the *Thomas* court remanded to the trial court, in part, for clarification regarding the time period for the sale of the marital residence. *Id.*

Finding that the trial court failed to set a definite time for the sale of the marital residence, we remand to the trial court for clarification regarding the time period for sale of the marital residence. Point granted

Because the sale of the marital residence[2] affects Wife's maintenance award and the division of property and debts, the Amended Judgment dividing the marital property and debt and the grant of maintenance to Wife is reversed and remanded for a new trial on those issues. Thus, we need not reach Points II and III. The portion of the Amended Judgment dissolving the marriage is affirmed.

### III. CONCLUSION

The portion of the trial court's judgment dissolving the marriage is affirmed. The judgment is reversed and remanded for a new trial as it relates to maintenance, the division of marital property, and the division of marital debts.

ROBERT G. DOWD, JR., P.J., and ANGELA T. QUIGLESS, J., concur.

2. During oral argument, both parties conceded that the marital residence is now in foreclosure. As such, we instruct the trial court to reopen and accept new evidence regarding the marital residence, division of marital property and debts, and maintenance in order to make appropriate findings in accordance with the new facts that have come to light since the Amended Judgment was entered on June 2, 2010.