

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| SCOTT GREENE, | ) | ED107353 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| v. | ) | St. Charles County |
| | ) | 1811-CC00026 |
| MARIETTA GREENE, | ) | |
| | ) | Honorable Jon A. Cunningham |
| Respondent. | ) | |
| | ) | Filed:  September 17, 2019 |

## **OPINION**

Scott Greene ("Appellant") appeals the trial court's judgment ordering the sale of the marital residence and equally dividing the proceeds between Appellant and Marietta Greene ("Respondent") after expenses and debt.  We reverse and remand.

## **BACKGROUND**

The marriage of Appellant and Respondent was dissolved in 2008.  The judgment of dissolution granted Appellant exclusive possession of the marital home and ordered it sold.  The judgment further ordered, "[u]ntil the marital residence is sold, Appellant shall have exclusive possession of the home and shall each be responsible for the monthly mortgage payment . . . ." In 2015, after years of disagreement, Appellant filed a motion in the family court for amounts

due and owing, seeking reimbursement for the mortgage payments he had made since 2008. On July 12, 2017, the court entered an order and judgment finding the dissolution judgment was "ambiguous, indefinite, and therefore, unenforceable with regards to the disposition of the residence." The court further found it was without jurisdiction to modify the dissolution judgment and dismissed the case, specifically stating, "a suit in equity must be filed by either or both of the parties in order for the Court to fairly and equitably dispose of the marital home."

As a result, Appellant filed a petition in equity. The trial court entered judgment ordering the residence be sold, equally dividing the proceeds from the sale between Appellant and Respondent after deducting the expenses of the sale and the outstanding mortgage debt. The court awarded Appellant repair and improvement costs of $15,032.00 and $1,000.00 for any inconvenience to Appellant for the sale. This appeal follows.

## DISCUSSION

Appellant asserts three points on appeal. In point one, he claims the trial court erred in disposing of the marital residence because the parties' mistake was one of law; therefore, there were no grounds for a suit in equity. In point two, Appellant argues the trial court erred in finding a fair rental value for the residence because there was no substantial evidence to support such a value. In his third and final point on appeal, Appellant claims the court erred in dividing the net sale proceeds equally because doing so led to an inequitable result.

### *Standard of Review*

Our review of the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.

2

*Id*. at 32.  We will only set aside a judgment as against the weight of the evidence if we have the firm belief the judgment is wrong.  *Id*.

<u>Analysis</u>

In his first point on appeal, Appellant claims the trial court erred in disposing of the residence because the parties' mistake was one of law due to the family court's erroneous conclusion as to the validity and enforceability of the terms of the dissolution regarding the residence.  Appellant contends this cannot serve as the basis for a suit in equity.  But Appellant's argument ignores the fact that he filed the petition in equity seeking disposition of the marital residence, albeit at the family court's direction.  The family court based its conclusion that it was somehow divested of jurisdiction because the dissolution judgment lacked a specific date by which the residence had to be sold.  *See Carter v. Carter*, 436 S.W.3d 240 (Mo. App. 2013); *Kelly v. Kelly*, 340 S.W.3d 673 (Mo. App. W.D. 2011).  However, Appellant did not appeal the dismissal of his family court cause of action.[1]

Ultimately Appellant filed this petition in equity.  He cannot now complain on appeal about an alleged error which he created with his own pleadings.  *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 545 (Mo. App. W.D. 2008).  Point one is denied.

In his second point, Appellant claims the trial court erred in finding a fair rental value for the residence because there was no substantial evidence to support it.  We agree.

---

[1] Appellant's appeal presents no issue regarding the propriety of the dissolution judgment or the family court's judgment finding it was without jurisdiction to rule on Appellant's request for sums due and owing, seeking to enforce the provision in the dissolution regarding the mortgage payments on the residence.  However, we question the family court's decision in this regard.  Although the family court correctly notes the failure to include a date by which the residence must be sold is reversible error, this omission did not prevent the court from ruling on Appellant's motion.  Appellant was not asking that the residence be sold.  Nothing in the provision regarding the sale of the home precluded the family court from ruling on the specific relief Appellant sought in his pleadings.

While the trial court is free to evaluate contradictory testimony concerning property values, it is not free to find a fair market value not supported by the evidence. *Nelson v. Nelson*, 195 S.W.3d 502, 508 (Mo. App. W.D. 2006).

Here, the only testimony presented to the trial court was that of Appellant and Respondent. No other witnesses testified. In response to the court's questions at the end of his testimony, Appellant only provided information regarding the size of the lot and the approximate total square footage of the residence. There was no testimony from either party regarding the number of bedrooms or bathrooms in the home, the surrounding neighborhood, or any other information that might have been relevant to the fair rental value of the residence. Neither party presented any evidence from a real estate professional regarding comparable rental values for properties in the area.

Quite simply, there was no evidence to support the trial court's conclusion that the fair rental value of the residence would be commensurate with the amount Appellant paid in mortgage payments minus the benefit of the tax deduction he received for the interest he paid. *See Nelson*, 195 S.W.3d at 508 (court is prohibited from finding a fair market value not supported by the evidence). Thus, the trial court erred in making its finding regarding the fair rental value of the residence it its judgment, and we reverse the court's judgment.

Appellant's third and final point argues the court erred in dividing the net sale proceeds equally after deducting certain amounts to compensate Appellant because such a division led to an inequitable result. However, because our review of point two on appeal is dispositive, we do not consider this issue.

**CONCLUSION**

The trial court's determination of the fair rental value of the residence was not supported by any evidence in the record before us. Thus, we reverse the court's judgment and remand for further proceedings consistent with this opinion.

_____

Lisa P. Page, Judge

Philip M. Hess, P.J. and
Kurt S. Odenwald, J., concur.